1 | **HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi (SBN 158976)
2 | peskenazi@hunton.com
Jason J. Kim (SBN 221476)
3 | kimj@hunton.com
550 South Hope Street, Suite 2000
4 | Los Angeles, California 90071-2627
Telephone: (213) 532-2000
5 | Facsimile: (213) 532-2020

6 | Attorneys for Defendant
ELECTROLUX
7 | HOME PRODUCTS, INC.



FILED
CLERK, U.S. DISTRICT COURT

FEB 1 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

8 | ## UNITED STATES DISTRICT COURT

9 | ## CENTRAL DISTRICT OF CALIFORNIA

10 | ### WESTERN DIVISION

CV13-01033 DSF (SHx)

11 | SPARKS LANDEN, individually and
on behalf of all others similarly
12 | situated,

CASE No.

13 | Plaintiff,

**NOTICE OF REMOVAL OF ACTION
PURSUANT TO 28 U.S.C. § 1453**

14 | v.

15 | ELECTROLUX HOME PRODUCTS,
INC., a Delaware Corporation;
16 | CARLSONS APPLIANCES, INC., a
California Corporation; and DOES 1
17 | through 20, inclusive,

18 | Defendants.

Complaint filed: January 8, 2013

COPY

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Electrolux Home Products, Inc. ("Electrolux") hereby removes to this Court, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711, *et seq.*, the state court action described below. In support thereof, Electrolux states as follows:

## I.

## INTRODUCTION

1.     On January 8, 2013, Plaintiff Sparks Landen ("Plaintiff") filed a putative class action (the "Action") against Electrolux in the Superior Court for the State of California, County of Los Angeles, *Sparks Landen v. Electrolux Home Products, Inc.*, Case No. BC 498699, which currently is pending before the Honorable Elihu M. Berle.  Plaintiff served Electrolux with the Summons and Class Action Complaint for Damages (the "Complaint") on January 14, 2013.  Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the Summons and Complaint, as well as all accompanying notices, forms and orders, is attached hereto as Exhibit A.  Upon information and belief, there have been no other proceedings in the Action.

2.     In the Action, Plaintiff seeks, among other things, compensatory, actual, consequential and punitive damages; equitable, declaratory and injunctive relief (including rescission); and attorneys' fees, based on multiple causes of action, all of which arise from an alleged design defect in washing machines (the "Washing Machines") that "Electrolux markets, designs, manufactures, distributes, and/or sells … throughout the United States, including California."  Complaint ¶ 11; *see also id.*, Prayer for Relief.

3.     As set forth more fully below, the Action is one which Electrolux may remove to this Court under 28 U.S.C. § 1441(b) because Electrolux has satisfied all

1

1    procedural requirements, and this Court has subject matter jurisdiction over this action

2    under 28 U.S.C. § 1332(d).

3

4                                  **II.**

5                            **THE PARTIES**

6        4.      Defendant Electrolux is a corporation organized under the laws of

7    Delaware with its principal place of business in Charlotte, North Carolina.

8    Declaration of Carl D. King ("King Decl.") ¶ 2.

9        5.      Plaintiff alleges that he is a resident of California.  Complaint ¶ 9.

10       6.      On information and belief, Defendant Carlsons Appliances, Inc.

11   ("Carlsons") is a California corporation with its principal place of business in Santa

12   Monica, California.  According to the Complaint, Plaintiff's three (3) Washing

13   Machines were purchased from Carlsons.  Complaint ¶ 25.  Plaintiff, however, does

14   not limit the putative Class to those who own Washing Machines from Carlsons.

15       7.      Plaintiff purports to bring this action on behalf of a Class defined as "[a]ll

16   persons, sole proprietorships, partnerships, corporations, or any other entity located

17   within California who own a washing machine or laundry center manufactured by

18   Electrolux that contains the identical air hose routing and strain-relief features as the

19   GE Model WSM2700 and Frigidaire Model FGX831CSI."  Complaint ¶ 36(a).

20   Because Electrolux is alleged to have designed and manufactured the Washing

21   Machines containing the supposed design defect (*id.* ¶ 11), the entire Action plainly

22   centers around the alleged acts and omissions of Electrolux.

23

24                                 **III.**

25                        **PLAINTIFF'S ALLEGATIONS**

26       8.      Plaintiff alleges that Electrolux's Washing Machines contain a design

27   defect involving the air hose, which allegedly may cause a Washing Machine to

28   overflow and flood and could result "in catastrophic water-loss failures."  Complaint ¶

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

2

3.  Plaintiff identifies the GE Model WSM2700 and the Frigidaire Model FGX831CS1 as particular examples of Washing Machines that contain the alleged design defect.  But he does not limit the putative Class to owners of those two models. Nor does Plaintiff limit the claims with respect to time; in fact, he expressly alleges that the applicable statutes of limitation should be tolled with respect to each of his claims.

9.     Plaintiff asserts four (4) causes of action based upon the alleged design defect in the Washing Machines, each of which names Electrolux as a defendant:

a.     First Cause of Action (violation of the Unfair Competition Law and the Law of False Advertising):  Plaintiff alleges that Electrolux violated California Business & Professions Code §§ 17200 *et seq.* and 17500 *et seq.* by making "unfair, deceptive, untrue and/or misleading statements in advertising media to cause Plaintiff and the Class to expect or assume that they would be able to operate the Washing Machines in a reasonably expected manner for the full typical life of the appliance without a risk of harm." Complaint ¶ 50.

b.     Second Cause of Action (violation of the Consumer Legal Remedies Act):  Plaintiff alleges that Electrolux made representations that its Washing Machines were a "high quality product that will perform as represented" and made representations "regarding the safety and characteristics of the Washing Machines" that violated California Civil Code section 1770. *Id.* ¶¶ 62-63.

c.     Third Cause of Action (fraudulent concealment):  Plaintiff alleges that Electrolux "advertised and/or marketed its Washing Machines to be safe, of good quality free from defects, and that they would perform in their reasonably expected operation and/or use for their full useful lives." *Id.* ¶ 67. Plaintiff alleges that Electrolux "failed

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

1   to disclose" the alleged design defect that was not known to
2   Plaintiff or the putative Class and that it "posed a serious risk of
3   personal injury." *Id.*

4       d.    <u>Fourth Cause of Action</u> (breach of implied warranty):  Plaintiff
5       alleges that the Washing Machines were "not merchantable due to
6       [their] Design Defect . . . and [are] in breach of the implied
7       warranty of merchantability and fitness for a particular purpose."
8       *Id.* ¶ 81.

9       10.    Plaintiff seeks multiple forms of relief in connection with those claims.
10  In particular, Plaintiff prays for "equitable relief," "restitution," "restitutionary
11  disgorgement," "declaratory relief," "injunctive relief," "compensatory damages,"
12  "actual damages," "consequential damages," "punitive damages," "unjust enrichment
13  including legal restitution," "benefit of the bargain damages and/or rescission," "pre-
14  and post-judgment interest allowed by law" and "reasonable attorneys' fees and costs
15  of suit."  Complaint, Prayer for Relief.  Plaintiff further alleges that he and the
16  putative Class "have been damaged, including but not limited, in an amount equal to
17  the cost of repair to eliminate the unreasonable risk of harm."  Complaint ¶ 29.

18

19   

**IV.**

**ELECTROLUX HAS SATISFIED THE**

**PROCEDURAL REQUIREMENTS FOR REMOVAL**

22       11.    Plaintiff served Electrolux with the Summons and Complaint on January
23  14, 2013.  Because Electrolux filed its Notice of Removal within thirty (30) days of
24  that date, the Notice of Removal is timely.  *See* 28 U.S.C. § 1446(b).

25       12.    Venue lies in the United States District Court for the Central District of
26  California because Plaintiff filed the Action in this judicial district, where it remains
27  pending.  *See* 28 U.S.C. § 1441(a).

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

4

13.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon Electrolux, which papers include the Summons and Complaint and accompanying state court notices, forms and orders, is attached hereto as Exhibit A.

14.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff's counsel and a copy is being filed with the Clerk of the Superior Court for the State of California, Los Angeles.

## V.

### REMOVAL IS PROPER BECAUSE THIS

### COURT HAS SUBJECT MATTER JURISDICTION

15.     As shown below, this Action is a putative class action in which, as alleged:  (i) there are more than 100 members in Plaintiff's proposed class; (ii) the Plaintiff and the members of the putative class have a different citizenship than Electrolux, one of the named defendants; and (iii) the claims of the proposed class members exceed the sum or value of $5 million in the aggregate, exclusive of interest and costs.  Accordingly, the Court has subject matter jurisdiction over the Action pursuant to 28 U.S.C. § 1332(d).

**A.      This Is A Putative "Class Action" Under CAFA Consisting**

**         Of More Than 100 Members**

16.     As stated above, Plaintiff proposes a Class of "[a]ll persons, sole proprietorships, partnerships, corporations, or any other entity located within California who own a washing machine or laundry center manufactured by Electrolux that contains the identical air hose routing and strain-relief features as the GE Model WSM2700 and Frigidaire Model FGX831CS1."  Complaint ¶ 36(a).  During the course of its investigation to date, Electrolux has determined through sales records that it has sold approximately 73,608 GE Model WSM2700 and Frigidaire Model

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1  FGX831 Washing Machines in California since January 1, 2000.[1]  King Decl. ¶ 3.

2  And this is just for the two models Plaintiffs claims as examples.  The putative Class

3  plainly exceeds 100 members.  *See* 28 U.S.C. § 1332(d)(5).

**B.  The Diversity Of Citizenship Requirement Is Satisfied**

5       17.  Plaintiff is a citizen of California who resides in Los Angeles, California.

6  Complaint ¶ 9.

7       18.  Electrolux, on the other hand, is not a citizen of California.  Rather, it is a

8  citizen of North Carolina, where it maintains its principal place of business, and

9  Delaware, where it is incorporated.  The phrase "principal place of business" in 28

10  U.S.C. § 1332(c)(1) & (d)(2)(A) refers to the place where a corporation's high-level

11  officers direct, control and coordinate the corporation's activities, *i.e.*, its "nerve

12  center," which typically will be found at its corporate headquarters.  *Hertz Corp. v.*

13  *Friend*, 130 S. Ct. 1181, 1192-93 (2010).  Electrolux maintains its headquarters in

14  Charlotte, North Carolina, where its high-level officers direct, control and coordinate

15  the corporation's activities.  King Decl. ¶ 2.  Thus, for removal purposes, Electrolux is

16  a citizen of North Carolina, not California.  Accordingly, the requisite diversity of

17  citizenship exists -- at least one of the "plaintiffs is a citizen of a State different from

18  any defendant."  28 U.S.C. § 1332(d)(2)(A).

**C.  The Amount In Controversy Requirement Is Satisfied**

20       19.  Original jurisdiction exists under CAFA if "the matter in controversy

21  exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C.

22  § 1332(d)(2).  The amount in controversy requirement is readily met here.

23       20.  As stated above, Plaintiff seeks compensatory, consequential, and

24  punitive damages; restitution; restitutionary disgorgement; benefit of the bargain

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

---

25  [1] The maximum statute of limitations on any of Plaintiff's claims is four (4) years (4-
26  year statute of limitations for UCL and FAL claims (Bus & Prof. Code § 17208) and
breach of warranty claims (U. Com. Code § 2725)).  However, Plaintiff alleges that
27  the applicable statutes of limitation should be tolled and does not limit his claims with
respect to time.  In fact, he allegedly purchased two of his Washing Machines for
which he seeks relief in 2005.  While Electrolux disputes that tolling is appropriate, it
28  accepts Plaintiff's allegations on their face for purposes of removal.

6

1 | damages and/or rescission; and attorneys' fees, among other remedies.  Complaint,

2 | Prayer for Relief.

3 |     21.    While Electrolux maintains that Plaintiff and the putative Class and

4 | Subclass have not suffered any cognizable legal injury and are not entitled to any

5 | damages whatsoever, Plaintiff's complaint requests money damages and other relief

6 | as to himself and on behalf of the entire putative Class in connection with nearly every

7 | sale of an Electrolux Washing Machine into the State of California.

8 |     22.    Plaintiff seeks several forms of damage, including rescission of the sales

9 | price and/or the cost to repair each unit.  As set forth in the accompanying Declaration

10 | of Carl D. King, Electrolux sold 41,594 GE Model WSM2700 and Frigidaire Model

11 | FGX831 Washing Machines since January 1, 2006, and 73,608 going back to January

12 | 1, 2000.  King Decl. ¶ 3.  A one-hour service call, which is the minimum charge for

13 | repair, alone is $85.  *Id.* ¶ 5.  This does not include any costs for parts or any labor in

14 | excess of the one-hour minimum.  Thus, the amount sought solely for repair of the

15 | two models Plaintiff identifies -- exclusive of costs for parts or labor in excess of the

16 | one-hour minimum -- is $6,256,680 if Plaintiff is correct that the statutes of limitation

17 | have been tolled.  But Plaintiff does not limit the Action to GE Model WSM2700 and

18 | Frigidaire Model FGX831 Washing Machines.  Rather, he seeks relief for all Washing

19 | Machines that utilize the same air hose and tub part numbers as the GE Model

20 | WSM2700 and Frigidaire Model FGX831.  Complaint ¶ 36(a).  While Electrolux

21 | disputes Plaintiff's ability to lump all of those distinct models together for purposes of

22 | a single adjudication, the "ultimate inquiry is what amount is put 'in controversy' by

23 | the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph*

24 | *Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  And since January 1,

25 | 2008 alone, Electrolux has sold well over 300,000 additional units that meet

26 | Plaintiff's definition of the term "Washing Machine."  King Decl. ¶ 4. Thus, since

27 | 2008 alone (and Plaintiff seeks to go back further in time), the amount in controversy

28 |

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

1   relating simply to the cost to repair the alleged defect is nearly $30 million ($85 x

2   341,594).

3        23.    In addition, Plaintiff seeks relief in the form of rescission; *i.e.*, the return

4   of the money paid for the Washing Machines.  The retail price for these products

5   ranges from approximately $949 to $1269.  King Decl. ¶ 3.  Using the lower end of

6   this range, Electrolux would have only needed to sell 5269 units to surpass the $5

7   million threshold ($5,000,000/$949).  But as set forth in the accompanying

8   Declaration of Carl D. King, Electrolux sold substantially more than this number and

9   easily meets the amount in controversy requirement on the rescission claim alone.

10       24.    Furthermore, as noted above, Plaintiff seeks punitive damages on behalf

11  of himself and the putative Class.  Complaint ¶ 76; *see also id.*, Prayer for Relief.

12  While Electrolux denies that Plaintiff and the putative Class are entitled to any

13  punitive damages, requests for such damages must be included when calculating the

14  amount in controversy.  *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700

15  (9th Cir. 2007) (affirming district court's denial of a motion to remand and

16  considering punitive damages in calculating amount in controversy).  Generally

17  speaking, where punitive damages are appropriate, a punitive award of less than 10

18  times the amount of compensatory damages will comport with Due Process

19  requirements.  *See State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 425

20  (2003).  Under that multiple, or even a much smaller multiple, when Plaintiff's request

21  for punitive damages is considered simply against the seven to eight figure potential

22  recoveries addressed above, Plaintiff's punitive damages claim alone easily exceeds

23  the $5 million jurisdictional threshold.

24       25.    Further still, Plaintiff seeks attorneys' fees on behalf of himself and the

25  putative Class.  Complaint ¶ 65; *see also id.*, Prayer for Relief.  "The amount in

26  controversy includes the amount of damages in dispute, as well as attorney's fees, if

27  authorized by statute or contract."  *Kroske v. US Bank Corp.*, 2006 U.S. App. LEXIS

28  3367, at *6 (9th Cir. 2006); *see also Guglielmino v. McKee Foods Corp.*, 506 F.3d

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

8

696, 700 (9th Cir. 2007) (attorney's fees authorized by statute included in amount in controversy calculation). Here, Plaintiff has brought a claim under the Consumer Legal Remedies Act ("CLRA"), which in turn, expressly provides for the recovery of attorneys' fees. *See* Cal. Civ. Code § 1780(e) ("The court shall award court costs and attorney's fees to a prevailing plaintiff in litigation filed pursuant to this section."). Anticipated attorneys' fees for a hotly contested consumer class action will certainly reach into the seven figures. This further confirms that the $5 million amount in controversy requirement is satisfied.

26. Accordingly, Electrolux has satisfied the amount in controversy requirement under 28 U.S.C. § 1332(d).

27. No exceptions to CAFA jurisdiction apply, and, in any event, "the party seeking remand bears the burden to prove an exception to CAFA's jurisdiction." *Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007).

**WHEREFORE**, Electrolux hereby removes this Class Action from the Superior Court of the State of California, County of Los Angeles to this Court, pursuant to 28 U.S.C. § 1453.

Dated: February 12, 2013

**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi
Jason J. Kim

By: _____
Phillip J. Eskenazi
Attorneys for Defendant
ELECTROLUX
HOME PRODUCTS, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

9

61550.000020 EMF_US 43916325v8

IT A



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
**(SOLO PARA USO DE LA CORTE)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 08 2013

John A. Clarke, Executive Officer/Clerk
By
SHAUNYA WESLEY Deputy

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
ELECTROLUX HOME PRODUCTS, INC., a Delaware Corporation;
CARLSONS APPLIANCES, INC., a California Corporation, and
DOES 1 through 20, inclusive.
**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
SPARKS LANDEN, individually and on behalf of all others similarly
situated

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is:<br>(El nombre y dirección de la corte es):<br>Superior Court of the State of California, County of Los Angeles<br>Central District<br>111 North Hill Street, Los Angeles, CA 90012 | **CASE NUMBER:**<br>(Número del Caso):<br>**BC 498 699** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
RINGLER & ASSOCIATES, Jerome L. Ringler (SBN 59918)
233 Wilshire Blvd., Suite 900, Santa Monica, CA 90401
310-955-4105

| | | |
|---|---|---|
| DATE:<br>(Fecha) | JAN 08 2013 | JOHN A. CLARKE Clerk, by<br>(Secretario) | Shaunya Wesley, Deputy<br>(Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): ELECTROLUX HOME PRODUCTS, INC.

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
      ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
      ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
      ☐ other (specify):
4. ☐ by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

COPY

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JAN 08 2013

John A. Clarke, Executive Officer/Clerk
By_____, Deputy
SHAUNYA WESLEY

1  Jerome L. Ringler (State Bar No. 59918)
   Catherine Burke Schmidt (State Bar No. 212827)
2  RINGLER & ASSOCIATES
   233 Wilshire Blvd., Suite 900
3  Santa Monica, CA 90401
   Tel: 310-955-4105
4  Fax: 310-955-4106
   E-mail: jlr@ringlerandassociates.com
5        cbs@ringlerandassociates.com

6  Michael S. Rapkin (State Bar No. 67220)
   Scott B. Rapkin (State Bar No. 261867)
7  LAW OFFICES OF MICHAEL S. RAPKIN
   233 Wilshire Boulevard, Suite 700
8  Santa Monica, CA 90401
   Tel: 310-319-5465
9  Fax: 310-319-5355
   E-mail: msrapkin@gmail.com
10       scottrapkin@rapkinesq.com

11
   Attorneys for Plaintiff
12

13              SUPERIOR COURT OF THE STATE OF CALIFORNIA

14              COUNTY OF LOS ANGELES, CENTRAL DISTRICT

15
   SPARKS LANDEN, individually and on        Case No.:
16 behalf of all others similarly situated,
                                             BC 498699
17              Plaintiff,
                                             CLASS ACTION COMPLAINT FOR
18      v.                                   DAMAGES

19 ELECTROLUX HOME PRODUCTS, INC., a          1.  Unfair Competition Law & False
   Delaware Corporation; CARLSONS                 Advertising Law [Cal. Bus. &
20 APPLIANCES, INC., a California                  Prof. Code § 17200 et seq. and §
   Corporation; and DOES 1 through 20,            17500 et seq.]
21 inclusive,                                 2.  Violation Of Consumers Legal
                                                  Remedies Act [Cal. Civ. Code §§
22              Defendant                          1750-1784];
                                              3.  Fraudulent Concealment; and
23                                            4.  Breach of Implied Warranty

24                                           Demand for Jury Trial

25      Plaintiff SPARKS LANDEN ("Plaintiff"), on behalf of himself and a class of all other similarly

26 situated persons defined below, demands a trial by jury and hereby complains and alleges upon

27 information and belief, except for paragraphs that pertain to Plaintiff or Plaintiff's attorneys, as

28 follows:

                                            1

## NATURE OF ACTION

1.  For decades, Electrolux Home Products, Inc. ("Electrolux") has distributed, manufactured, and/or sold top-loading washing machine and laundry centers including General Electric (GE), Kenmore, and Frigidaire branded appliances that share a common defective water level pressure system design (collectively, "Washing Machines"). Electrolux distributed and/or sold Washing Machines to members of the general public including Plaintiff and the Class, defined below. As a result of Electrolux's fraudulent concealment and suppression of acts concerning the defective water level pressure system design, the precise models and years are currently not yet known.

2.  Electrolux advertised, *inter alia*, the Washing Machines to be safe, of good quality free from defects, and that they would perform in their reasonably expected operation and/or use for their full useful lives.

3.  The Washing Machines have a common defect that causes Washing Machines to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance ("Design Defect"). More specifically, the Washing Machines contain an inadequate length and/or inadequate strain relief of the air hose where the air hose connects to the air dome. The design fails to account for motion of the Washing Machine tub that occurs during normal and reasonably expected operation and/or use. The inadequate length and/or inadequate strain relief of the air hose causes an increase in tension on the connection of the air hose to the air dome during operation of the Washing Machine. Over time, the repeated tension loading events cause the air hose to disconnect from the air dome. Once the air hose is disconnected, the water level pressure switch can no longer sense the water level (water pressure) within the Washing Machine tub. Consequently, disconnection of the air hose results in overflow, leak and/or water-loss. The appliance design should have been implemented such that it can withstand normal and expected consumer uses and scenarios without resulting in catastrophic water-loss failures.

4.  According to a 2007 study by the National Association of Homebuilders and Bank of America Home Equity, the useful expected life of a washing machine is 10 years. On information and belief, Washing Machines manufactured by Electrolux fail years before their useful expected life due to the

Design Defect. For example, Plaintiff is informed and thereon believes that a single expert has inspected approximately 40 Washing Machines that failed within 7 years of purchase.

5. The Washing Machines, in the condition they were distributed and/or sold created an unreasonable risk of harm and constituted a danger to the public including Plaintiff and the Class, defined below. The Washing Machines had the potential to overflow and indeed did overflow in certain instances due to the Design Defect. Moreover, when the Washing Machines did indeed overflow, they caused property damage and personal injury. With the Design Defect left unrepaired, the Washing Machines have the potential at all times to overflow, which can lead to catastrophic injury and enormous property damage. As a result of said conduct on behalf of Defendants, they have violated: the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 et seq.; the False Advertising Act, Cal. Bus. & Prof. Code § 17500; and the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784. In addition, these acts constitute fraudulent concealment and breach of the implied warranty of fitness for a particular purpose.

6. The damages each and every member of the Class, defined below, has sustained is easily quantifiable - it is the cost of repair to eliminate the Design Defect and thereby eliminate the hazard and potential risk of harm each Washing Machine creates each and every time the Washing Machine is operated. This cost is essentially uniform for each Washing Machine.

## JURISDICTION AND VENUE

7. Plaintiff brings this action to seek damages, equitable relief, restitution, and other relief available at law or in equity on behalf of Plaintiff, the members of Class (defined below), and on behalf of all people of the State of California. Plaintiff and the Class assert no claims under federal law. The amount in controversy for each named class representative is less than $75,000.00.

8. Venue as to each defendant is proper in this judicial district pursuant to California Civil Code section 1780(c), California Code of Civil Procedure sections 395(a) and 395.5, and other provisions of law. Each defendant either maintains an office, transacts business, advertises, or offers products for sale, has an agent, or is found in the county of Los Angeles. Plaintiff's causes of action arose in part within the county of Los Angeles and each defendant is subject to the jurisdiction of this Court. The

1   unfair, fraudulent, unlawful, and otherwise wrongful acts described herein have had a direct effect on

2   consumers within the State of California, including the county of Los Angeles, and the trade and

3   commerce described below has been carried on within the State of California, including the county of

4   Los Angeles.

5                                              **PARTIES**

6   9. Plaintiff is a citizen and a resident of Los Angeles County, California, and has previously

7   purchased a number of Washing Machines manufactured, distributed, or sold by Electrolux as more

8   particularly described below.

9   10. Plaintiff is informed and believes and thereon alleges that at least two-thirds of the members of

10   the Class (defined below) are citizens of California.

11   11. Electrolux is a Delaware corporation, maintains its principal place of business at 10200 David

12   Taylor Drive, Charlotte, North Carolina 28262, and does business in Los Angeles, California and

13   elsewhere in California. Electrolux markets, designs, manufactures, distributes, and/or sells its

14   products, including Washing Machines, throughout the United States, including California.

15   12. Defendant Carlsons Appliances, Inc. ("Carlsons") is a California corporation, maintains its

16   principal place of business at 1342 5th Street, Santa Monica CA 90401, and does business in Los

17   Angeles, California and elsewhere in California. Defendant Carlson markets, distributes, and/or sells

18   its products, including Washing Machines, in California.

19   13. The true names and capacities, whether individual, corporate, associate, representative, or

20   otherwise of defendants named herein as DOES 1-20 are unknown to Plaintiff at this time, and they are

21   therefore sued by such fictitious names pursuant to the California Code of Civil Procedure section 474.

22   Plaintiff will amend this Complaint to allege the true names and capacities of DOES 1-20 when

23   Plaintiff knows them. Each of DOES 1-20 is in some manner legally responsible for the violations of

24   law alleged herein. Hereafter, the term "Defendants" shall include Electrolux, Carlsons and the DOE

25   defendants.

26   14. The acts that this Complaint alleges were done by Electrolux, Carlsons and each of the DOE

27   defendants, and/or were authorized, ordered, or done by duly authorized officers, agents, employees, or

28

4

representatives, while actively engaged in the management, direction, or control of such defendants' business or affairs.

15. Plaintiff is informed, believes, and thereon alleges that all Defendants were at all relevant times acting as actual agents, conspirators, aiders and abettors who provided substantial assistance with knowledge of the wrongful conduct, ostensible agents, partners and/or joint venturers and employees of all other defendants, and that all acts alleged herein occurred within the course and scope of said agency, employment, partnership, joint venture, conspiracy and/or enterprise, and with the express and/or implied permission, knowledge, consent, authorization and ratification of their co-defendants. Electrolux, Carlson, and the DOE defendants knowingly and willfully conspired and aided and abetted and agreed among themselves to deprive Plaintiff and the Class of their rights and to cause the damages described herein. This allegation is pleaded as an "alternative" theory wherever not doing so would result in a contradiction with other allegations.

16. As an alternative theory, Plaintiff is informed and believes, and on that basis alleges, that Defendants are alter egos of each other. Plaintiff is informed, believes, and on that basis alleges, that there is common control over Defendants, and they operate pursuant to a common business plan. There is unity of interest among Defendants. The alternative alter-ego relationship among the Defendants should be recognized to prevent an injustice. If the alter-ego relationship among Defendants is not recognized, an inequity will result because an entity responsible for wrongdoing will be shielded from liability. Moreover, the co-defendant entities that make, in whole or in part, the decisions concerning the wrongdoing alleged herein would escape liability, which is inequitable. Furthermore, the alter-ego relationship should be recognized to ensure effective injunctive and declaratory relief, so that the wrongful practices alleged herein are not relocated to an affiliated company.

## BACKGROUND FACTS

17. Electrolux holds itself out to the public as a manufacturer of safe consumer products including Washing Machines. Electrolux is in the business of manufacturing, distributing and/or selling Washing Machines throughout the United States. Indeed, it touts itself as a "global leader" in home appliances for professional use, selling more than 40 million products to customers in 150 countries on an annual

basic. By 2010, Electrolux was the world's second largest home appliance maker by market share. Electrolux's core design message is "thinking of you", a pledge to Electrolux's customers that it pays a great deal of attention to detail when designing new products.

18. Electrolux manufactured, produced and/or distributed Washing Machines for sale by its network of stores and authorized dealers, including several leading retailers and/or appliance brands in the United States, such as GE, Kenmore, and Frigidaire.

19. In all of their advertising, Defendants failed to warn Plaintiff or any member of the Class (defined below) of the Washing Machines' Design Defect (described above).

20. Electrolux knew or should have known of the Washing Machines' Design Defect prior to distributing and/or selling them or placing them in the stream of commerce. Electrolux should have performed some form of expected failure analysis and/or failure consequence study in order to evaluate the Washing Machine's design. Any type of reasonable potential or actual failure-mode-analysis of the Washing Machine would have identified numerous potential component failures in the Washing Machine that would result in water leaks, overflow, water-loss, and/or floods. It is the responsibility of the manufacturer, through their design, testing, manufacturing, and prior equivalent design failure-mode analysis processes to design identified hazards out of the system and/or to implement an engineering safety device to prevent any and all of these reasonably foreseeable events.

21. Moreover, Electrolux knew or should have known of the Washing Machines' Design Defect prior to distributing and/or selling them or placing them in the stream of commerce due to the fact that the other end of the air hose that is the subject of the Design Defect contemplates adequate air hose strain relief. More specifically, the upper connection of the air hose to the pressure switch contains additional length to the air hose in the form of a service loop, as well as a hose clip/clamp to prevent tension at the air hose connection to the pressure switch. The fact that Electrolux contemplated an adequate air hose strain relief design at the upper connection in the very Washing Machine containing the Design Defect supports the fact that Electrolux knew and/or should have known that the lower connection from the air hose to the air dome failed to allow for sufficient strain relief and/or air hose

length because it failed to include a service loop and/or hose clip/clamp in sufficient proximity to the air dome.

22. Moreover, Plaintiff is informed and believes that Electrolux has been aware of the Design Defect since at least 1990 due to the fact that Electrolux designed and applied for a patented safety device to prevent overflowing. Plaintiff is informed and thereon believes, the patented safety device is meant to prevent overflow when water level monitoring devices could no longer detect water level, the very failure created by the Design Defect. Plaintiff is informed and thereon believes that Electrolux received approval for its patent in 1992, yet never implemented the device, never informed its consumers of the availability of the device, and never informed consumers of the Design Defect that created a need for the device.

23. Moreover, Plaintiff is informed and thereon believes that Defendants were alerted to the Design Defect through various customer complaints and expert reports detailing the Design Defect and resultant personal injury (including, but not limited to a slip and fall) and property damage. Plaintiff is informed and thereon believes that Defendants have been made aware of many reported instances of the Design Defect that resulted in overflow and water loss from 2005 manufactured Washing Machines, including the very model purchased and owned by Plaintiff.

24. Despite its knowledge and/or constructive knowledge, Defendants: a) failed to notify consumers and/or complainants of the occasions of failure and/or Design Defect; b) failed to recall the Washing Machines; and c) failed to offer to replace the Washing Machines and/or the Washing Machine's defective parts. Moreover, despite its knowledge and/or constructive knowledge of the Design Defect, Defendants have failed to accept responsibility.

25. Plaintiff owns a 4 unit apartment building in Venice, California and purchased washing machines and/or was the intended beneficiary of the washing machines purchased for the units in the building from Carlsons. Plaintiff owns two Washing Machines manufactured in 2005. He purchased another Washing Machine in 2012.

26. The Design Defects contained in Electrolux's Washing Machines place Plaintiff and the Class in unreasonable risk of harm. Failure of the Washing Machine caused by the Design Defect can lead to

the continuous flow of water into the appliance, resulting in overflow and increase risk of a potential for a slip/fall, electrocution, as well as the potential to cause substantial damage to the property in which the Washing Machine is installed. Because the Washing Machine is estimated to deliver approximately 6 gallons of water per minute, in just 20 minutes, after a failure caused by the Design Defect, the Washing Machine can deliver up to 120 gallons of water.

27. The risk of harm to Plaintiff and the Class caused by the Design Defect, described above, is significant, recognizable, real, and demonstrable. The Design Defect, if not remedied, can result in enormous property damage caused by flooding, and the consequences of standing water, which indeed can affect all aspects of completed construction, from electrical work to the structural integrity of any given home or condominium. Moreover, this same Design Defect, if not remedied, can result in catastrophic personal injury, including significant orthopedic injuries and head injuries, caused by falls.

28. Upon learning of the Design Defect, Plaintiff fears his Washing Machines will fail and may cause severe personal injury and/or property damage. Plaintiff is forced to either replace his Washing Machines prior to realizing its full typical life of the machine, or risk having multiple catastrophic water overflow events. The Design Defect of the Washing Machines prevented(s) Plaintiff and the Class from the enjoyment of the Washing Machines for the full typical life of the machine.

29. Plaintiff and the Class have been damaged, including but not limited, in an amount equal to the cost of repair to eliminate the unreasonable risk of harm.

30. Had Plaintiff and the Class known that the Washing Machines contain a Design Defect, they would not have purchased them at the price they paid.

## TOLLING AND ESTOPPEL OF STATUTES OF LIMITATIONS

31. Plaintiff did not discover, and did not know of facts that would have caused a reasonable person to suspect that he had suffered harm by Defendants' practice and policy of marketing, manufacturing, designing, and/or selling Washing Machines that contain a Design Defect. No reasonable consumer would even suspect that the Washing Machines were prone to overflow with water. Even if a consumer learned that a Washing Machine overflowed with water, a reasonable and diligent investigation would not disclose the fact that the overflow was due to the Design Defect. Due to the complexity of the

design, the information concealed by Electrolux, and the expertise required for analyzing information, a determination that the overflow was due to a defect in design, rather than misuse or user error, was beyond any reasonable and/or diligent investigation.

32. The claims alleged herein accrued upon discovery of the latent defect of the Washing Machines and the Design Defect contained therein. Because the defect alleged herein is latent and because Defendants took steps to actively misrepresent and conceal the true character, nature, and quality of the Washing Machines, among other reasons, Plaintiff and the Class did not discover and could not have discovered the problems and defects alleged herein through a reasonable and diligent investigation.

33. Any applicable statutes of limitations have been tolled by Defendants' knowledge and actual misrepresentation, concealment, non-disclosure, and/or denial of the facts as alleged herein, a concealment that is ongoing. Plaintiff and the Class could not have reasonably discovered the true, latently defective nature of the Washing Machines. As a result of Defendants' active concealment of the defects and/or failure to inform Plaintiff and the Class of the defects, any and all statute of limitations otherwise applicable to the allegations herein have been tolled.

34. Alternatively, the facts alleged above give rise to an estoppel. Defendants have actively concealed the defective nature of the Washing Machines. Defendants were and are under a continuous duty to disclose to Plaintiff and the Class the true character, quality, and nature of the Washing Machines, particularly that they posed a serious water overflow hazard and risk of failure. At all relevant times, and continuing to this day, Defendants knowingly, affirmatively, and actively misrepresented, concealed and failed to disclose the true character, quality, and nature of the Washing Machines. Given Defendants' failure to disclosure this non-public information about the defective nature of the Washing Machines – information over which Defendants have exclusive control – and because Plaintiff and the Class could not reasonably have known that the Washing Machines were thereby defective, Plaintiff and the Class reasonably relied on Defendants' knowing affirmative and/or ongoing concealment. Based on the foregoing, Defendants are estopped from prevailing on any statute of limitations defense in this action.

## CLASS ACTION ALLEGATIONS

35. In addition to prosecuting this action pursuant to California Business & Professions Code section 17204, Plaintiff brings this class action pursuant to the provisions of California Code of Civil Procedure section 382 and California Civil Code sections 1780-1781.

36. Plaintiff brings this action on behalf of the following Class:

  a. All persons, sole proprietorships, partnerships, corporations, or any other entity located within California who own a washing machine or laundry center manufactured by Electrolux that contains the identical air hose routing and strain-relief features as the GE Model WSM2700 and Frigidaire Model FGX831CSI. Excluded from the Class are those who own Washing Machines that have already been repaired to correct the air hose routing and strain-relief features at Electrolux's expense. Also excluded from the class are those who own Washing Machines that have overflowed prior to four years from the filing of this complaint. Also excluded from the class are governmental entities, Electrolux, Electrolux's authorized dealers, and their parents, subsidiaries, affiliates, employees, officers, directors, and co-conspirators. Also excluded is any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs (the "Class"); and

  b. All "consumers" as that term is defined at California Civil Code section 1761(d), who are entitled to pursue claims under the CLRA ("Subclass A").

37. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court or to propose or eliminate sub-Classes.

38. Plaintiff does not know the exact number of Class members, because such information is in the exclusive control of Defendants. Due to the nature of the trade and commerce involved however, Plaintiff believes that the total number of class members is so numerous and geographically dispersed within the State of California that joinder of all class members is impracticable.

39. The proposed Class and Subclass A are ascertainable in that the members can be identified using information contained in Electrolux's records. The definition of the Class is sufficiently precise to

allow Defendants to identify all brands and models that contain the Design Defect.  While the precise names and addresses of the members of the Class are presently unknown to Plaintiff, members of the Class can be notified of the pendency of this action through advertisements, Internet postings, electronic mail, and/or published notice.  Through such notice, each member of the Class can determine their membership in the Class.

40. Defendants have acted with respect to the Class in a manner generally applicable to each member of the Class.  There is a well-defined community of interest in the questions of law and fact involved in the action.  The questions of law or fact common to the Class predominate over any questions affecting only individual members, including, but not limited to the following:

    a.  whether the Washing Machines overflow due to a Design Defect;

    b.  whether Defendants actually or constructively knew that the Washing Machines contained the Design Defect;

    c.  whether Defendants had a duty to Plaintiff and the Class to disclose the Design Defect to Plaintiff and the Class before they purchased one or more Washing Machines;

    d.  whether Defendants concealed and/or failed to disclose material facts concerning the nature and existence of the Design Defect to Plaintiff and the Class before they purchased one or more Washing Machines;

    e.  whether Defendants' concealment, suppression and omissions had and have had a tendency to deceive, by either failing to disclose the existence of the defect exclusively known to Defendants, and unknown to Plaintiff and others or by misleading Plaintiff and the Class that the Washing Machines were safe and reliable and contained no serious defects;

    f.  whether the Design Defect causes an unreasonable risk to the Class;

    g.  whether Plaintiff and the Class have been damaged by the wrongs complained of herein and if so the measure of the cost of repair and the nature and extent of other relief that should be afforded.

11

41. The claims of Plaintiff are typical of the claims of the other members of the Class in that all members of the Class have been harmed in substantially the same way by Defendants' actions and their claims are based on the same legal theories surrounding the Design Defect.

42. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff is an adequate representative of the Class.

43. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for defendants, or adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44. In view of the complexity of the issues and the expense that an individual plaintiff would incur if he or she attempted to obtain relief from a large, transnational corporation such as Electrolux, the separate claims of individual class members are monetarily insufficient to support separate actions. Because of the size of the individual class members' claims, few if any, class members could afford to seek legal redress for the wrongs complained of in this Complaint.

45. In the alternative, the Class should be certified because:

  a. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members which would establish incompatible standards of conduct for Defendants;

  b. The prosecution of separate actions by individual members of the Class would create a risk of adjudication with respect to them, which would, as a practical matter, be dispositive of the interests of the other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interest; and

c. Defendants have acted or refused to act on grounds generally applicable to the class, and /or the general pubic, thereby making appropriate final and injunctive relief with respect to the class as a whole.

46. The proposed Class fulfills the certification criteria of California Code of Civil Procedure section 382 and California Civil Code section 1781.

**FIRST CAUSE OF ACTION**
(Violation of the Unfair Competition Law and the Law of False Advertising,
Cal. Bus. & Prof. Code § 17200 et seq. and § 17500 et seq.,
against all defendants)

47. Plaintiff incorporates each and every paragraph hereinabove alleged as though it were set fully forth in full here and now and to the extent necessary pleads this cause of action in the alternative.

48. Plaintiff brings this cause of action on behalf the Class pursuant to the California Business & Professions Code section 17204 and California Business & Professions Code section 17500.

49. Defendants' actions described herein constitute an unfair, unlawful, and/or fraudulent practice within the meaning of California Business and Professions Code section 17200 in that Defendants have made unfair, deceptive, untrue, and/or misleading statements in advertising media, including the Internet, within the meaning of California Business and Professions Code section 17500, and/or has made unfair, deceptive, untrue, and/or misleading statements that violates the policy or spirit of the law or otherwise significantly threatens or harms consumers.

50. Electrolux made unfair, deceptive, untrue and/or misleading statements in advertising media to cause Plaintiff and the Class to expect or assume that they would be able to operate the Washing Machines in a reasonably expected manner for the full typical life of the appliance without a risk of harm. Defendants failed to disclose that the Washing Machines contained the Design Defect. Defendants' failure to disclose the Design Defect was likely to mislead Plaintiff and the Class into believing that the Washing Machines were free from defect and safe to use.

51. In addition, Defendants' actions were unlawful and in violation of the False Advertising Law, Cal. Bus. & Prof. Code §§ 17500-17509, the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750-1785, the implied warranty of merchantability, Cal. Civ. Code § 1792 et seq., California Civil Code sections 1572 (Actual Fraud-Omissions), 1573 (Constructive Fraud by Omission), 1710 (Deceit), along

13

with the warranty provisions of the California Commercial Code, implied warranties, and other California statutory and common law, including fraudulent concealment.

52. The unlawful, unfair, deceptive and/or fraudulent business acts and practices of Defendants, as fully described herein, present a continuing threat to members of the public to be mislead and/or deceived by Defendants as alleged herein, and/or be substantially injured by the Washing Machines. Pursuant to California Business and Professions Code section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendants from continuing to engage in unlawful, unfair, or deceptive business practices and any other act prohibited by law, including those acts set forth herein. Plaintiff and other members of the general public have no other remedy of law that will prevent Defendants' misconduct as alleged herein from occurring and/or reoccurring in the future.

53. Plaintiff and the Class also seek an order requiring Defendants to make full restitution of all moneys it wrongfully obtained from Plaintiff and the Class with regard to it sales of its Washing Machines. At a minimum Plaintiff and the Class is entitled to the cost of repair so that the Design Defect is removed and the potential for harm is eliminated.

54. Plaintiff suffered injury in fact by purchasing and/or paying substantially more for a Washing Machine and will now be required to remedy the Design Defect, described above, so as to avoid the distinct likelihood that he may suffer personal injury and/or property damage as a result of such Design Defect.

**SECOND CAUSE OF ACTION**
(Violations of the Consumers Legal Remedies Act,
Cal. Civ. Code §§ 1750-1785,
against all defendants)

55. Plaintiff incorporates each and every paragraph hereinabove alleged as though it were set fully forth in full here and now and to the extent necessary pleads this cause of action in the alternative.

56. Plaintiff brings this cause of action on behalf of himself and the Class pursuant to the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750-1784 (the "CLRA"). Defendants' acts and practices described above were intended to result in the sale of Washing Machines to the consuming public.

14

Class Action Complaint

57. At all times relevant, Plaintiff and the Class were "consumers" as that term is defined in California Civil Code section 1761(d).

58. At all times relevant, the Washing Machines constituted "goods" as that term is defined in California Civil Code section 1761(a).

59. At all times relevant all Defendants constituted a "person" as that term is defined in California Civil Code section 1761(c).

60. At all times relevant, purchase of the Washing Machine by Plaintiff and the Class constituted a "transaction" as that term is defined in California Civil Code section 1761(e).

61. At all times relevant, Defendants provided "services" to Plaintiff and the Class within the meaning of California Civil Code section 1761(b).

62. Defendants' acts and practices violated, and continue to violate, the CLRA in at least the following respects:

    a.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have in violation of California Civil Code section 1770(a)(5);

    b.  Representing that goods are of a particular standard, quality or grade if they are of another in violation of California Civil Code section 1770(a)(7);

    c.  Advertising goods with the intent not to sell them as advertised in violation of California Civil Code section 1770(a)(9); and

    d.  "Representing that the subject of a transaction has been supplied in accordance with a previous representation when it has not" in violation of California Civil Code section 1770(a)(16).

63. Electrolux made, and continues to make, uniform written representations that the Washing Machines are a high quality product that will perform as represented and, as set forth above, made, and continues to make, specific representations regarding the safety and characteristics of the Washing Machines that, as set forth above, were false, deceptive, and/or misleading and were made in violation of the CLRA.

64. Plaintiff caused a preliminary notice and demand pursuant to California Civil Code section 1782 to be mailed to the registered agents of Electrolux and Carlsons, by certified mail, return receipt requested on November 30, 2012; it was received and signed for by Electrolux on December 3, 2012, and by Carlsons on December 1, 2012. Electrolux and Carlsons thereby have received the preliminary notice and demand required by California Civil Code section 1782, and Electrolux and Carlsons have failed to respond to Plaintiff's notice by undertaking or agreeing to undertake any correction, repair, replacement, or other remedy.

65. By virtue of Defendants' conduct, Plaintiff and Subclass A are entitled to recover actual and statutory damages on behalf of each class member, along with injunctive relief as well as attorneys' fees and costs of litigation pursuant to California Civil Code sections 1780(a)(l) and (2) and other pertinent provisions of law. Alternatively, at a minimum, Plaintiff and the Class are entitled to the cost of repair so that the Design Defect is removed and the potential for harm is eliminated.

### THIRD CAUSE OF ACTION
(Fraudulent Concealment,
against all defendants)

66. Plaintiff incorporates each and every paragraph hereinabove alleged as though it were set fully forth in full here and now and to the extent necessary pleads this cause of action in the alternative.

67. Defendants advertised and/or marketed its Washing Machines to be safe, of good quality free from defects, and that they would perform in their reasonably expected operation and/or use for their full useful lives. Defendants failed to disclose that its Washing Machines contained a Design Defect, as described above, and that the Design Defect posed a serious risk of personal injury. These facts were not known to Plaintiff and the Class.

68. Alternatively, Defendants intentionally failed to disclose the fact that its Washing Machines contained a Design Defect, a fact that was only known to Defendants, and Plaintiff and the Class could not have discovered it. Plaintiff is informed and thereon believes that Defendants knew of the Design Defect from its performance of standard testing prior to placing the Washing Machines into the stream of commerce. In addition and/or alternatively, Plaintiff is informed and thereon believes that Defendants knew of the Design Defect due to the fact that it designed the air hose connection to the

16

1
2
3
4

pressure switch without the Design Defect. In addition and/or alternatively, Plaintiff is informed and thereon believes that Defendants knew of the Design Defect due to its receipt of customer complaints and expert reports that described the Design Defect and resulting harm caused by the Washing Machine's failure.

5
6
7
8
9

69. Plaintiff and the Class reasonably relied and continue to rely upon Defendants to sell Washing Machines without a Design Defect that causes an unreasonable risk of harm, as described above. Defendants knew or ought to have known that Plaintiff and the Class relied and/or continues to rely upon Defendants to sell Washing Machines in which the entire lifetime of the appliance could be fully used without an unreasonable risk of harm.

10
11
12
13
14

70. Defendants' knowledge that its Washing Machines contain a Design Defect combined with Defendants' knowledge that Plaintiff and the Class relied or relies upon Defendants to communicate the true state of facts relating to its Washing Machines creates a legal obligation on Defendants' part to disclose to Plaintiff and the Class these facts. Defendants are in a superior position to know the truth about, and the nature of, the Washing Machines.

15
16
17

71. Defendants intended and intend to deceive Plaintiff and the Class by failing to disclose that the Washing Machines contain a Design Defect and are likely to fail in advance of their reasonably expected useful life and will result in significant water overflow with risk of personal injury.

18
19
20
21
22
23
24
25

72. Defendants' failure to disclose the Design Defect and risk of harm was material. Plaintiff and the Class would not have purchased the Washing Machines had they known of the Design Defect and risk of harm, which is significant, recognizable, real, and demonstrable. The Design Defect if not remedied can result in enormous property damage caused by flooding, and the consequences of standing water, which indeed can affect all aspects of completed construction from electrical work to the structural integrity of any given home or condominium. Moreover, this same Design Defect, if not remedied, can result in catastrophic personal injury, including significant orthopedic injuries and head injuries, caused by falls.

26
27
28

73. Defendants not only fraudulently concealed the fact that the Washing Machines contain a Design Defect, but they provided erroneous information regarding the expected lifetime of the Washing

Machines. Had Plaintiff and the Class known that they were purchasing only half the typical life of a Washing Machine, they would never have paid the price they paid for the Washing Machines or they would have never paid for the Washing Machines in the first place.

74. Plaintiff and the Class were harmed. As a proximate result of Defendants' conduct as set forth in this cause of action, Plaintiff and the Class will now be required to remedy the Design Defect, described above, so as to avoid the distinct likelihood that they may suffer personal injury and/or property damage as a result of such Design Defect. In addition, Plaintiff and the Class members have suffered damages, which include, but are not limited to the cost to repair the Design Defect.

75. Defendants' concealment was a substantial factor in causing that harm.

76. The wrongful conduct of Defendants, as alleged herein, was willful, oppressive, immoral, unethical, unscrupulous, substantially injurious, malicious, and/or in conscious disregard for the well being of Plaintiff and the Class along with other members of the public that may be personally injured by a failure of the Washing Machines caused by the Design Defect. Defendants intended to cause injury to the Plaintiff and the Class placing profits over safety. Defendants engaged and continue to engage in despicable conduct with a willful and conscious disregard of the rights or safety of others. Defendants subjected, and continue to subject, Plaintiff and the Class to cruel and unjust hardship. Accordingly, Plaintiff and Class members are entitled to an award of punitive damages against Defendants in an amount to deter it from similar conduct in the future.

### FOURTH CAUSE OF ACTION
(Breach of Implied Warranty
against all defendants)

77. Plaintiff incorporates each and every paragraph hereinabove alleged as though it were set fully forth in full here and now and to the extent necessary pleads this cause of action in the alternative.

78. Defendants were in the business of selling Washing Machines and other home appliances.

79. Privity exists between Plaintiff and the Class and Electrolux due to the fact that Plaintiff and the Class were intended beneficiaries of the contract between the Electrolux and its distributors, retailers, and/or other parties that purchased the Washing Machines from Electrolux. Electrolux's distributors, retailers, and/or other parties that purchased the Washing Machines from Electrolux were not intended

to be the ultimate consumers of the Washing Machines.

80. Defendants impliedly warranted that the Washing Machines were reasonably safe for their intended use by placing them into the stream of commerce.

81. The Washing Machine is not merchantable due to its Design Defect, as set forth above, and is in breach of the implied warranty of merchantability and fitness for a particular purpose.

82. The Washing Machine was not reasonably safe for its intended use when it left Defendants' control and entered the market.

83. The Washing Machine's Design Defect was not apparent and obvious to Plaintiff and the Class. Defendants have not validly disclaimed, excluded, or modified the implied warranties and/or duties described herein, and/or any attempted disclaimer or exclusion of the same was and is ineffectual.

84. The Design Defect was known or should have been known to Defendants at the time Plaintiff and the Class purchased their Washing Machines.

85. The presence of the Design Defect and Defendants' failure to warn consumers of it constitutes a breach of both implied and express warranties.

86. Defendants have had opportunities, as set forth above, to remedy the Design Defects and have failed to do so.

87. As a result, Plaintiff and the Class have been damaged in an amount to be proven at trial, including attorney fees and expenses. The Design Defect, if not remedied, has resulted in enormous property damage caused by flooding, and the consequences of standing water, which indeed can affect all aspects of completed construction, from electrical work to the structural integrity of any given home or other abode. Moreover, this same Design Defect, if not remedied, can result in catastrophic personal injury, including significant orthopedic injuries and head injuries, caused by falls. As a proximate result of Defendants' conduct as set forth in this cause of action, Plaintiff and the Class will now be required to remedy the Design Defect, described above, so as to avoid the distinct likelihood that they may suffer personal injury and/or property damage as a result of such Design Defect. The cost to remedy the Design Defect, which is in effect the cost of repair, is the cost Plaintiff and the Class will incur so as to remedy the Design Defect, described above.

**WHEREFORE**, Plaintiff, individually and on behalf of all those similarly situated, respectfully requests that this Court enter judgment as follows:

1.  An order certifying this case as a class action and certification of Subclass A;

2.  Appointment of plaintiff as the Class representative and his counsel as counsel for the Class and Subclass A;

3.  For equitable relief;

4.  For restitution;

5.  For restitutionary disgorgement;

6.  For declaratory relief;

7.  For injunctive relief,

8.  For compensatory damages;

9.  For actual damages;

10. For consequential damages;

11. For punitive damages;

12. For unjust enrichment including legal restitution;

13. For benefit of the bargain damages and/or rescission;

14. For pre- and post-judgment interest as allowed by law;

15. For reasonable attorneys' fees and costs of suit; and

16. For such other and further relief that this Court may deem just and proper.

Dated: January 8, 2013

RINGLER & ASSOCIATES

By: _____
Jerome L. Ringler
Catherine Burke Schmidt
Attorneys for Plaintiff

Dated: January 8, 2013

LAW OFFICES OF MICHAEL S. RAPKIN

By: _____
Michael S. Rapkin
Scott B. Rapkin
Attorneys for Plaintiff

20
Class Action Complaint

1

## DEMAND FOR JURY TRIAL

2

Plaintiff hereby demands trial by jury.

3

Dated: January 8, 2013                          RINGLER & ASSOCIATES

4
                                                By:
5                                                  Jerome L. Ringler
                                                   Catherine Burke Schmidt
6                                                  Attorneys for Plaintiff

7    Dated: January 8, 2013                      LAW OFFICES OF MICHAEL S. RAPKIN

8                                                By:
9                                                  Michael S. Rapkin
                                                   Scott B. Rapkin
10                                                 Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

Class Action Complaint

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| RINGLER & ASSOCIATES<br>Jerome L. Ringler (SBN 59918)/ Catherine Burke Schmidt (SBN 212827)<br>233 Wilshire Blvd., Suite 900, Santa Monica, CA 90401<br>TELEPHONE NO.: 310-955-4105   FAX NO.: 310-955-4106<br>ATTORNEY FOR *(Name):* Plaintiff Sparks Landen | CONFORMED COPY<br>OF ORIGINAL FILED<br>Los Angeles Superior Court<br><br>JAN 08 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>By _____ Deputy<br>SHAUNYA WESLEY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

CASE NAME: Landen v. Electrolux Home Products, Inc. et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☒ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | BC 498699 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | ☐ Other collections (09) | ☐ Construction defect (10) |
| **Damage/Wrongful Death) Tort** | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | types (41) |
| ☒ Business tort/unfair business practice (07) | ☐ Other real property (26) | **Enforcement of Judgment** |
| ☒ Civil rights (08) | **Unlawful Detainer** | ☐ Enforcement of judgment (20) |
| ☐ Defamation (13) | ☐ Commercial (31) | **Miscellaneous Civil Complaint** |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ RICO (27) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

**2.** This case ☒ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties   d. ☒ Large number of witnesses
b. ☐ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
  issues that will be time-consuming to resolve     in other counties, states, or countries, or in a federal court
c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. ☒ monetary   b. ☒ nonmonetary; declaratory or injunctive relief   c. ☒ punitive
**4.** Number of causes of action *(specify):*   four
**5.** This case ☒ is   ☐ is not   a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 8, 2013

Catherine Burke Schmidt                                          _____
(TYPE OR PRINT NAME)                                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice– Physicians & Surgeons
    Other Professional Health Care Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Landen v. Electrolux Home Products, Inc. et al. | BC498699 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case: FILE BY FAX

JURY TRIAL? [X] YES   CLASS ACTION? [X] YES   LIMITED CASE? [ ] YES   TIME ESTIMATED FOR TRIAL _14_ [ ] HOURS/ [X] DAYS

**Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):**

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | [ ] A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | [ ] A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | [ ] A6070  Asbestos Property Damage | 2. |
| | | [ ] A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | [ ] A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | [ ] A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | [ ] A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | [ ] A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | [ ] A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | [ ] A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | [ ] A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04
CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION
Local Rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Landen v. Electrolux Home Products, Inc. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons-<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☒ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 0., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017 Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050 Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025 Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037 Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024 Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109 Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008 Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019 Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028 Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002 Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012 Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015 Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009 Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031 Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027 Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300 Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023 Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018 Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032 Quiet Title | 2., 6. |
| | | ☐ A6060 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021 Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020 Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022 Unlawful Detainer-Drugs | 2., 6. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Landen v. Electrolux Home Products, Inc. et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐  A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐  A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐  A6151   Writ - Administrative Mandamus<br>☐  A6152   Writ - Mandamus on Limited Court Case Matter<br>☐  A6153   Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review (39) | ☐  A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐  A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐  A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐  A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐  A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐  A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐  A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐  A6141   Sister State Judgment<br>☐  A6160   Abstract of Judgment<br>☐  A6107   Confession of Judgment (non-domestic relations)<br>☐  A6140   Administrative Agency Award (not unpaid taxes)<br>☐  A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐  A6112   Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐  A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐  A6030   Declaratory Relief Only<br>☐  A6040   Injunctive Relief Only (not domestic/harassment)<br>☐  A6011   Other Commercial Complaint Case (non-tort/non-complex)<br>☐  A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐  A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐  A6121   Civil Harassment<br>☐  A6123   Workplace Harassment<br>☐  A6124   Elder/Dependent Adult Abuse Case<br>☐  A6190   Election Contest<br>☐  A6110   Petition for Change of Name<br>☐  A6170   Petition for Relief from Late Claim Law<br>☐  A6100   Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

| SHORT TITLE:<br>Landen v. Electrolux Home Products, Inc. et al. | CASE NUMBER |
|---|---|

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON:  Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☒1. ☐2. ☐3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>1342 5th Street<br>Santa Monica, CA 90401 |
|---|---|
| CITY:<br><br>STATE:<br><br>ZIP CODE: | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Stanley Mosk___ courthouse in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 8, 2013___

___(Signature)___
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES
Case Number _____

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|
| X | Judge Elihu M. Berle | 323 | 1707 |
| | Judge Kenneth Freeman | | 1702 |
| | Judge William F. Highberger | 307 | 1402 |
| | Judge Jane Johnson | 308 | 1415 |
| | Judge Anthony J. Mohr | 309 | 1409 |
| | Judge John Shepard Wiley, Jr. | 311 | 1408 |
| | OTHER | | |

**BC 498 699**

### Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

#### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

#### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

#### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

#### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

#### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

#### SANCTIONS
The Court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to the Plaintiff/Cross-Complainant/Attorney of Record on _____     JOHN A. CLARKE, Executive Officer/Clerk

By _____, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

For additional ADR information and forms visit the Court ADR web application at www.lasuperiorcourt.org (click on ADR).

The plaintiff/petitioner shall serve a copy of this form on each defendant/respondent along with the complaint (Civil only).

**What Is ADR:**
Alternative Dispute Resolution (ADR) is the term used to describe all the other options available for settling a dispute which once had to be settled in court. ADR processes, such as arbitration, mediation, neutral evaluation, and settlement conference are less formal than a court process and provide opportunities for parties to reach an agreement using a problem-solving approach.

There are many different kinds of ADR. All of them utilize a "neutral", an impartial person, to decide the case or help the parties reach an agreement.

**Arbitration:**
In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

#### Cases for Which Arbitration May Be Appropriate
Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

#### Cases for Which Arbitration May Not Be Appropriate
If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation:**
In mediation, a neutral person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

#### Cases for Which Mediation May Be Appropriate
Mediation may be particularly useful when parties have a dispute between or among family members, neighbors, or business partners. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

#### Cases for Which Mediation May Not Be Appropriate
Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation:**
In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

#### Cases for Which Neutral Evaluation May Be Appropriate
Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

#### Cases for Which Neutral Evaluation May Not Be Appropriate
Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conference:**
A settlement conference may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

Cal. Rules of Court, rule 3.221
Page 1 of 2

## COURT ADR PROGRAMS

CIVIL:

- Arbitration (non-binding) (Code Civ. Proc. §§ 1141.10-1141.31, Cal. Rules of Court, rules 3.810-3.830, and Local Rules, rule 3.252 et seq.)
- Mediation (Code Civ. Proc. §§ 1775-1775.15, Cal. Rules of Court, rules 3.850-3.860, 3.865-3.872 and 3.890-3.898, Evid. Code §§ 1115-1128, and Local Rules, rule 3.252 et seq.)
  - o Civil Harassment Mediation
  - o Eminent Domain Mediation (Code Civ. Proc. §1250.420)
  - o Small Claims Mediation
- Neutral Evaluation (Local Rules, rule 3.252 et seq.)
- Settlement Conference
  - o Voluntary Settlement Conference (Local Rules, rule 3.252 et seq.)
  - o Retired Judge Settlement Conference

FAMILY (non-custody):

- Arbitration (non-binding) (Fam. Code § 2554 and Local Rules, rule 5.18)
- Mediation (Local Rules, rule 5.18)
- Settlement Conference
  - o Forensic Certified Public Accountant (CPA)
  - o Spanish Speaking Settlement Conference

PROBATE:

- Mediation
- Settlement Conference

### NEUTRAL SELECTION

Parties may select an arbitrator, mediator, or evaluator from the Party Select Panel or may hire someone privately, at their discretion. If the parties utilize the Random Select Panel, the ADR staff will assign on a random basis the name of one neutral who meets the case criteria entered on the court's website.

### COURT ADR PANELS

| Party Select Panel | The Party Select Panel consists of arbitrators, mediators, and evaluators who have achieved a specified level of experience in court-annexed cases. The parties (collectively) are charged $150.00 per hour for the first three hours of hearing time. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |
| --- | --- |
| Random Select Panel | The Random Select Panel consists of trained arbitrators, mediators, evaluators, and settlement officers who make themselves available pro bono as a way of supporting the judicial system. It is the policy of the Court that Random Select Panel neutrals provide three hours hearing time per case on a pro bono basis. Thereafter, parties may stipulate in writing for additional hearing time at the rate established by the neutral. |

### ADR ASSISTANCE

For assistance regarding ADR, please contact the ADR clerk at the courthouse in which your case was filed.

| COURTHOUSE | ADDRESS | ROOM | CITY | PHONE | FAX | EMAIL |
| --- | --- | --- | --- | --- | --- | --- |
| Antonovich | 42011 4th St. West | 1st Fl. | Lancaster, CA 93534 | 661-974-7275 | 661-945-8173 | AntelopeADR@lasuperiorcourt.org |
| Chatsworth | 9425 Penfield Ave. | 3100 | Chatsworth, CA 91311 | 818-576-8565 | 818-576-8733 | ChatsworthADR@lasuperiorcourt.org |
| Compton | 200 W. Compton Blvd. | 1002 | Compton, CA 90220 | 310-603-3072 | 310-223-0337 | ComptonADR@lasuperiorcourt.org |
| Glendale | 600 E. Broadway | 273 | Glendale, CA 91206 | 818-500-3160 | 818-548-5470 | GlendaleADR@lasuperiorcourt.org |
| Long Beach | 415 W. Ocean Blvd. | 316 | Long Beach, CA 90802 | 562-491-6272 | 562-437-3802 | LongBeachADR@lasuperiorcourt.org |
| Norwalk | 12720 Norwalk Blvd. | 308 | Norwalk, CA 90650 | 562-807-7243 | 562-462-9019 | NorwalkADR@lasuperiorcourt.org |
| Pasadena | 300 E. Walnut St. | 109 | Pasadena, CA 91101 | 626-356-5685 | 626-666-1774 | PasadenaADR@lasuperiorcourt.org |
| Pomona | 400 Civic Center Plaza | 106 | Pomona, CA 91766 | 909-620-3183 | 909-629-6283 | PomonaADR@lasuperiorcourt.org |
| San Pedro | 505 S. Centre St. | 209 | San Pedro, CA 90731 | 310-519-6151 | 310-514-0314 | SanPedroADR@lasuperiorcourt.org |
| Santa Monica | 1725 Main St. | 203 | Santa Monica, CA 90401 | 310-260-1829 | 310-319-6130 | SantaMonicaADR@lasuperiorcourt.org |
| Stanley Mosk | 111 N. Hill St. | 113 | Los Angeles, CA 90012 | 213-974-5426 | 213-633-5115 | CentralADR@lasuperiorcourt.org |
| Torrance | 825 Maple Ave. | 100 | Torrance, CA 90503 | 310-222-1701 | 310-782-7326 | TorranceADR@lasuperiorcourt.org |
| Van Nuys | 6230 Sylmar Ave. | 418 | Van Nuys, CA 91401 | 818-374-2337 | 818-902-2440 | VanNuysADR@lasuperiorcourt.org |

LAADR 005 (Rev. 01-12)
LASC Adopted 10-03
For Mandatory Use

ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

Cal. Rules of Court, rule 3.221
Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## DISPUTE RESOLUTION PROGRAM ACT (DRPA) PROVIDERS

JOHN A. CLARKE, EXECUTIVE OFFICER/CLERK                                    ALTERNATIVE DISPUTE RESOLUTION (ADR) DEPARTMENT

California Rules of Court, rule 3.221, requires counties participating in the Dispute Resolution Programs Act (DRPA) to provide information about the availability of local dispute resolution programs funded under DRPA. For more information regarding these programs, contact the Los Angeles County Department of Community and Senior Services Contracts Administration Office at 213-738-2621. The following is a list of the local dispute resolution programs funded in Los Angeles County.

Superior Court of California, County of Los Angeles, ADR Office 213-974-5425
www.lasuperiorcourt.org/ADR

---

**STAFF AND VOLUNTEERS OF THE FOLLOWING AGENCIES ARE NOT EMPLOYEES OF THE SUPERIOR COURT:**

---

Asian-Pacific American Dispute Resolution Center 213-250-8190 www.apadrc.org

California Academy of Mediation Professionals 818-377-7250 www.campmediation.org

California Lawyers for the Arts, Arbitration, and Mediation Service 310-998-5590
www.calawyersforthearts.org

Center for Civic Mediation 877-473-7658 213-896-6533 www.centerforcivicmediation.org

Center for Conflict Resolution 818-705-1090 www.ccr4peace.org

Centinela Youth Services, City of Hawthorne 310-970-7702 www.cys.la.org

Inland Valleys Justice Center 877-832-9325 www.ivjc.org

Korean American Coalition 4.29 Dispute Resolution Center 213-365-5999 www.kacla.org

Los Angeles County Department of Consumer Affairs, Dispute Settlement Services 213-974-0825
www.dca.lacounty.gov

Loyola Law School, The Center for Conflict Resolution 213-736-1145 www.lls.edu/ccr

Norwalk Dispute Resolution Program 562-929-5603 www.ci.norwalk.ca.us/socialservices2.asp

Office of the Los Angeles City Attorney, Dispute Resolution Program 213-485-8324
www.atty.lacity.org/mediate

---

**THE PROGRAMS LISTED ABOVE DO NOT OFFER LEGAL ADVICE OR HELP YOU RESPOND TO A SUMMONS; HOWEVER, THEY MAY ASSIST IN RESOLVING YOUR PROBLEM THROUGH MEDIATION.**

---

| NAME, ADDRESS, TELEPHONE, FAX, and E-MAIL: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:
Los Angeles (Mosk) 111 N. Hill St., Rm. 113, Los Angeles, CA   9001▼

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| STIPULATION TO PARTICIPATE IN ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: |
|---|---|

The undersigned parties in the above-titled action stipulate to participate in the Alternative Dispute Resolution (ADR) process checked below:

☐ Mediation                     ☐ Neutral Evaluation

☐ Arbitration (non-binding)      ☐ Settlement Conference

☐ Arbitration (binding)          ☐ Other ADR Process (describe): _____

| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
|---|---|---|---|
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |
| Dated | Name of Stipulating Party<br>☐ Plaintiff  ☐ Cross-complainant<br>☐ Defendant  ☐ Cross-defendant | Name of Party or Attorney Executing Stipulation | Signature of Party or Attorney |

☐ Number of additional pages attached to this document: _____

LAADR 001 (Rev. 04-12)
LASC Approved 10-04
For Optional Use

**STIPULATION TO PARTICIPATE IN
ALTERNATIVE DISPUTE RESOLUTION (ADR)**

Cal. Rules of Court, rule 3.221
Page 1 of 1

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional): <br> E-MAIL ADDRESS (Optional): <br> ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.

The parties agree that:

1. The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a. Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b. Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c. Exchange of names and contact information of witnesses;

    d. Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e. Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f. Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g. Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lasuperiorcourt.org* under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   (INSERT DATE)                                              (INSERT DATE)
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation.

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR PLAINTIFF)
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR DEFENDANT)
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )
Date:

_____          ➤ _____
       (TYPE OR PRINT NAME)                            (ATTORNEY FOR _____ )

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                    FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

       iii.    Be filed within two (2) court days of receipt of the Request; and

       iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

    c.  No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

    d.  If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

    e.  If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.  If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.  The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.  Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.  Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.  References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

## The following parties stipulate:

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)

> _____
(ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE** (pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:
   ☐ Request for Informal Discovery Conference
   ☐ Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | | |

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:        FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

The parties agree that:

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):   FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

    a. The party requesting the Informal Discovery Conference will:

        i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

        ii. Include a brief summary of the dispute and specify the relief requested; and

        iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

    b. Any Answer to a Request for Informal Discovery Conference must:

        i. Also be filed on the approved form (copy attached);

        ii. Include a brief summary of why the requested relief should be denied;

LACIV 036 (new)
LASC Approved 04/11

**STIPULATION – DISCOVERY RESOLUTION**

Page 1 of 3

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  |  |

  iii. Be filed within two (2) court days of receipt of the Request; and

  iv. Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

 c. No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

 d. If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

 e. If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4. If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5. The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6. Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7. Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date:

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                          (ATTORNEY FOR PLAINTIFF)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                          (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                          (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ _____
                                          (ATTORNEY FOR DEFENDANT)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____)

Date:

_____
(TYPE OR PRINT NAME)                    ➤ (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER: | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | FAX NO. (Optional): | |

### SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR PLAINTIFF)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR DEFENDANT)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

Date: _____

_____    ➤  _____
(TYPE OR PRINT NAME)                (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____          _____
                                                     JUDICIAL OFFICER

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK
BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ORDER PURSUANT TO CCP 1054(a),<br>EXTENDING TIME TO RESPOND BY<br>30 DAYS WHEN PARTIES AGREE<br>TO EARLY ORGANIZATIONAL<br>MEETING STIPULATION |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: *May 11, 2011*

_____

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF Los Angeles**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to this action. My business address is 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627.

On February 12, 2013, I served the foregoing document(s) described as **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1453** on the interested parties in this action:

| | |
|---|---|
| Jerome L. Ringler, Esq. | Michael S. Rapkin, Esq. |
| Catherine Burke Schmidt | Scott B. Rapkin, Esq. |
| Ringler & Associates | Law Offices of Michael S. Rapkin |
| 233 Wilshire Boulevard, Suite 900 | 233 Wilshire Boulevard, Suite 700 |
| Santa Monica, CA 90401 | Santa Monica, CA 90401 |
| (310) 955-4105 | (3100 319-5465 Phone |
| (310) 955-4106 Facsimile | (310) 319-5355 Fax |
| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |

☐ **By FAX:** by causing a true copy thereof to be sent via facsimile to the attorney(s) of record at the telecopier number(s) so indicated above and that the transmission was reported as completed and without error.

☐ **By MAIL:** by placing true and correct copy(ies) thereof in an envelope addressed to the attorney(s) of record, addressed as stated above.

☐ **By PERSONAL SERVICE:** I delivered the envelope by hand on the addressee, addressed as stated above.

☒ **By FEDERAL EXPRESS:** by causing same to be delivered via Federal Express to the addressee(s).

☐ **By ELECTRONIC MAIL:** by causing a true and correct copy thereof to be transmitted electronically to the attorney(s) of record at the e-mail address(es) indicated above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on February 12, 2013, Los Angeles, California.

Rosie Zapatero

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

61550.000020 EMF_US 43916325v8

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

## CV13- 1033 DSF (SHx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )

SPARKS LANDEN, individually and on behalf of all others simiarly situated,

**DEFENDANTS**

ELECTROLUX HOME PRODUCTS, INC., a Delaware Corporation; CARLSONS APPLIANCES, INC., a California Corporatio

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Jerome L. Ringler (SBN 59918)
RINGLER & ASSOCIATES
233 Wilshire Boulevard, Suite 900
Santa Monica, CA 90401
(310) 955-4105 Telephone
(310) 955-4106 Facsimile

Attorneys (If Known)

Phillip J. Eskenazi (SBN 158976)
HUNTON & WILLIAMS LLP
550 S. Hope Street, Suite 2000
Los Angeles, CA 90071
(213) 532-2000 Telephone
(213) 532-2020 Facsimile

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No ☐ **MONEY DEMANDED IN COMPLAINT: $** over $5 million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1453

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury- Product Liability | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 660 Occupational Safety/Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: _____ CV13-01033

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CCD-JS44

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   [ ]   A. Arise from the same or closely related transactions, happenings, or events; or

[ ]   B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]   C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]   D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | north CAROLINA |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.

**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties

Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date   2/12/13

**Notice to Counsel/Parties:**   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |