| | |
|---|---|
| 1 | **HUNTON & WILLIAMS LLP** |
| | Phillip J. Eskenazi (SBN 158976) |
| 2 | peskenazi@hunton.com |
| | Jason J. Kim (SBN 221476) |
| 3 | kimj@hunton.com |
| | 550 South Hope Street, Suite 2000 |
| 4 | Los Angeles, California  90071-2627 |
| | Telephone:  (213) 532-2000 |
| 5 | Facsimile: (213) 532-2020 |
| 6 | Attorneys for Defendant |
| | ELECTROLUX |
| 7 | HOME PRODUCTS, INC. |

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| SPARKS LANDEN, individually and on behalf of all others similarly situated, | CASE NO.: CV13-01033-DSF (SHX) |
| | **DEFENDANT ELECTROLUX HOME PRODUCTS, INC.'S:** |
| Plaintiff, | |
| v. | **(1) NOTICE OF MOTION AND MOTION TO DISMISS FIRST AMENDED COMPLAINT;** |
| ELECTROLUX HOME PRODUCTS, INC., a Delaware Corporation; CARLSONS APPLIANCES, INC., a California Corporation; and DOES 1 through 20, inclusive, | **(2) MEMORANDUM OF POINTS AND AUTHORITIES** |
| Defendants. | Date:       July 8, 2013<br>Time:      1:30 p.m.<br>Ctrm.:      840 |
| | Action filed:  January 8, 2013 |

# NOTICE OF MOTION AND MOTION

## TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on July 8, 2013, at 1:30 p.m., in Courtroom 840 of the above-entitled Court, located at 255 East Temple Street, Los Angeles, California 90012, Defendant Electrolux Home Products, Inc. ("Electrolux") will, and hereby does, move this Court for an order dismissing each of Plaintiff Sparks Landen's ("Plaintiff") claims relating to the two Washing Machines that were "manufactured in 2005" (FAC ¶ 21) from the first amended complaint ("FAC") under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

This Motion is based upon the ground that each of the claims relating to the two Washing Machines that were "manufactured in 2005" (FAC ¶ 21) are time-barred. With respect to his implied warranty claims, those claims are time-barred on their face, and Plaintiff cannot invoke the discovery rule with respect to those claims as a matter of law. Such claims should be dismissed with prejudice. With respect to his claims for unfair competition and fraudulent concealment, the Court previously dismissed those claims on the basis that Plaintiff failed to plead properly facts sufficient to invoke the discovery rule. Having failed again to do so here, the Court should dismiss those claims again, but this time with prejudice.

This Motion will be based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the pleadings and papers on file, and upon such oral argument as may be made at the hearing on the Motion.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on May 29, 2013.

Dated:  June 10, 2013

**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi
Jason J. Kim

By:  /s/ Phillip J. Eskenazi
Phillip J. Eskenazi
Attorneys for Defendant
ELECTROLUX
HOME PRODUCTS, INC.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 1

II. FACTUAL BACKGROUND ............................................................................... 1

    A. The Court's Order Granting Electrolux's Motion To Dismiss In Part ............................................................................................................. 1

    B. The FAC ........................................................................................................ 2

III. PLAINTIFF'S PLEADING BURDEN ................................................................ 3

IV. ARGUMENT ........................................................................................................ 4

    A. Plaintiff Cannot Invoke The Discovery Rule In Connection With His Warranty Claims ..................................................................................... 4

    B. Plaintiff Has Failed Again To Invoke The Discovery Rule With Respect To His Remaining Claims ............................................................... 5

V. CONCLUSION ..................................................................................................... 6

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................ 3

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................ 3

*Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*,
    2011 WL 5360074 (S.D. Cal. Nov. 3, 2011) ..................................................... 4, 5

*Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*,
    169 Cal. App. 4th 116 (2008) ............................................................................ 1, 4

*Fox v. Ethicon Endo-Surgery, Inc.*,
    35 Cal. 4th 797 (2005) ............................................................................ 2, 3, 4, 5

*Norgart v. Upjohn Co.*,
    21 Cal. 4th 383 (1999) ........................................................................................... 4

**STATUTES**

Cal. Bus & Prof. Code § 17208 ................................................................................... 4

Cal. Civ. Proc. Code § 337 ......................................................................................... 5

Cal. Civ. Proc. Code § 338 ......................................................................................... 4

Cal. Com. Code § 2314 ............................................................................................... 5

Cal. Com. Code § 2725 ...................................................................................... 1, 4, 5

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Plaintiff Sparks Landen's ("Plaintiff") first amended complaint ("FAC") against Electrolux Home Products, Inc. ("Electrolux") fails to correct several of the same defects the Court found to exist in the original complaint. Therefore, several of his remaining claims should be dismissed again, this time with prejudice.

*First*, the claim for breach of implied warranty with respect to the two Washing Machines that were "manufactured in 2005" is time-barred on its face. FAC ¶ 21. By statute, the discovery rule does not apply. Cal. Com. Code § 2725(2); *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 132 (2008).

*Second*, Plaintiff's fraudulent concealment and unfair competition claims similarly are time-barred to the extent they relate to the two Washing Machines that were "manufactured in 2005." FAC ¶ 21. Plaintiff again has "not pleaded adequate facts to allow him to invoke the discovery rule to extend the applicable statutes of limitations" with respect to those claims. Docket Entry No. 26 (Order on Motion to Dismiss), at 3. Despite being ordered to do so, Plaintiff failed to offer any amendments directed to his claimed "inability to have made earlier discovery despite reasonable diligence." *Id.* at 4. Accordingly, as indicated in the Court's order on Electrolux's original motion to dismiss, those claims must be dismissed with prejudice. *Id.* at 5 ("Failure to amend will result in dismissal with prejudice of the applicable claims.").

## II.  FACTUAL BACKGROUND

### A.  The Court's Order Granting Electrolux's Motion To Dismiss In Part

On April 19, 2013, the Court held that Plaintiff had "not pleaded adequate facts to allow him to invoke the discovery rule to extend the applicable statutes of limitations in this case." Docket Entry No. 26 (Order on Motion to Dismiss), at 3. On

that basis, the Court dismissed all "claims that would have accrued outside the limitations period without the benefit of the discovery rule." *Id.*

Explaining what Plaintiff must plead to invoke the discovery rule, the Court stated, "'[i]n order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence.'" Docket Entry No. 26 (Order on Motion to Dismiss), at 3-4 (emphasis added) (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)).

With respect to the former, the Court found that Plaintiff had "not pleaded the time and manner of discovery in any way." Docket Entry No. 26 (Order on Motion to Dismiss), at 4. With respect to the latter, the Court found that Plaintiff's allegations regarding his "inability to have made earlier discovery" were "conclusory." *Id.* And those pleading deficiencies were not minor. As the Court noted, Plaintiff had "failed to plead *several basic facts* to support the discovery rule." *Id.* (emphasis added). For those reasons, the Court dismissed all "claims that would have accrued outside the limitations period without the benefit of the discovery rule." *Id.* However, the Court gave Plaintiff leave to amend.

In light of these findings, the Court held that "claims related to the 2012 machine" were not dismissed because those claims were "not, on their face, subject to the statute of limitations." Docket Entry No. 26 (Order on Motion to Dismiss), at 4 n.4. All other claims -- *i.e.*, all claims relating to the two Washing Machines that were "manufactured in 2005" (Complaint ¶ 25) -- were dismissed with leave to amend.

**B.    The FAC**

On May 20, 2013, Plaintiff filed the FAC. Plaintiff dropped all claims under California's Consumer Legal Remedies Act and the False Advertising Law, as well as

2
NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT

theories based on alleged affirmative misrepresentations by Electrolux. *See generally* FAC. Plaintiff also dropped the "consumer" subclass. *Id.*

New to the FAC, Plaintiff now claims that he first learned of the alleged Design Defect in October of last year, through a conversation with one of his tenants, who happens to be a lawyer. FAC ¶ 30. What remains unchanged, however, are allegations directed to Plaintiff's claimed "'inability to have made earlier discovery despite reasonable diligence.'" Docket Entry No. 26 (Order on Motion to Dismiss), at 3-4 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). Those allegations remain the same. Compare Complaint ¶¶ 31-34 with FAC ¶¶ 27-29.

## III.  PLAINTIFF'S PLEADING BURDEN

A plaintiff must allege *facts* that demonstrate a "plausible" basis for relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). As the United States Supreme Court has made plain, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Under the *Twombly/Iqbal* plausibility standard, a plaintiff cannot simply assert "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. A claim is "plausible" only when the factual allegations allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Factual allegations that establish no "more than a sheer possibility" of liability are not sufficient. *Id.* As set forth below, Plaintiff again has failed to plead facts sufficient to invoke the discovery rule.

## IV. ARGUMENT

### A. Plaintiff Cannot Invoke The Discovery Rule In Connection With His Warranty Claims

As before, Plaintiff attempts to bring claims for breach of implied warranty in connection with two Washing Machines that were "manufactured in 2005." FAC ¶ 21.[1] He cannot do so.

Generally, a cause of action accrues at "the time when the cause of action is complete with all of its elements." *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999). An exception to this general rule is the "discovery rule," which "postpones the accrual of a cause of action until the plaintiff discovers, or has reason to discover the cause of action." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 807 (2005). This exception, however, does *not* apply to warranty claims governed by the California Commercial Code. Cal. Com. Code § 2725(2); *Cardinal Health 301, Inc. v. Tyco Elecs. Corp.*, 169 Cal. App. 4th 116, 132, 87 Cal. Rptr. 3d 5 (2008). "'Before the enactment of section 2725, California applied the discovery rule to determine accrual date.'" *Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc.*, 2011 WL 5360074, at *3 (S.D. Cal. Nov. 3, 2011) (quoting *Cardinal Health 301, Inc.*, 169 Cal. App. 4th at 132). "However, when California 'adopted the [Uniform Commercial Code] version of the statute of limitations, it expressed the clear intent to follow the uniform rule which established tender of delivery as the accrual date.'" *Id.* Quite simply, the discovery rule, by statute, does not apply to claims alleging the breach of an implied warranty.

Plaintiff brings his implied warranty claims under California's Commercial Code. In fact, to avoid dismissal of those claims in connection with his original complaint, Plaintiff stated in no uncertain terms that he was bringing the claims under

---

[1] The maximum statute of limitations on any of Plaintiff's claims is four (4) years (4-year statute of limitations for Unfair Competition Law claims (Cal. Bus & Prof. Code § 17208) and breach of warranty claims (Cal. Com. Code § 2725); 3-year statute for fraud claims (Cal. Civ. Proc. Code § 338(d)). On their face, claims relating to the Washing Machines "manufactured in 2005" (FAC ¶ 21) are time-barred.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

California's Commercial Code. *See* Docket Entry No. 17 (Opposition to Motion to Dismiss), at 17:26-28 ("[P]laintiff has brought his claim for breach of the implied warranty of merchantability pursuant to California Commercial Code section 2314."); *see also* Docket Entry No. 25 (Surreply in Opposition to Motion to Dismiss).

Because his implied warranty claim "is governed by California Commercial Code § 2725 and not California Civil Procedure Code § 337, the discovery rule does not apply." *Blue Dolphin Charters*, 2011 WL 5360074, at *3 (S.D. Cal. Nov. 3, 2011) (citing Cal. Com. Code § 2725(2)).[2] Those claims are therefore time-barred and should be dismissed with prejudice.

### B. Plaintiff Has Failed Again To Invoke The Discovery Rule With Respect To His Remaining Claims

Plaintiff cannot salvage his remaining claims with respect to the two Washing Machines that were "manufactured in 2005." FAC ¶ 21. As the Court held in ruling on the previous motion to dismiss, Plaintiff failed to "'specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence.'" Docket Entry No. 26 (Order on Motion to Dismiss), at 3-4 (quoting *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005)). Plaintiff again has failed to do so.

While Plaintiff has added allegations regarding the "time and manner of discovery," the allegations that the Court already found deficient relating to his claimed "inability to have made earlier discovery" remain unchanged. A comparison of Plaintiff's original and first amended complaints confirms this point. Compare Complaint ¶¶ 31-34 with FAC ¶¶ 27-29. Accordingly, as the Court previously held, those allegations are fatally "conclusory." Docket Entry No. 26 (Order on Motion to Dismiss), at 4. Having failed again to "plead *several basic facts* to support the

---

[2] Plaintiff conceded this very point in his opposition to Electrolux's original motion to dismiss, stating plainly that he could pursue warranty claims only in connection with the Washing Machine he claims to have purchased in 2012. Docket Entry No. 17 (Opposition to Motion to Dismiss), at 18:3-6.

5
NOTICE OF MOTION AND MOTION
TO DISMISS FIRST AMENDED COMPLAINT

discovery rule," Plaintiff's unfair competition and fraudulent concealment claims in connection with the two Washing Machines "manufactured in 2005" must be dismissed. Docket Entry No. 26 (Order on Motion to Dismiss), at 4 (emphasis added); FAC ¶ 21.

In its order dismissing Plaintiff's original complaint, the Court expressly provided that the "[f]ailure to amend will result in dismissal with prejudice of the applicable claims." Docket Entry No. 26 (Order on Motion to Dismiss), at 5. As shown above, Plaintiff has failed entirely to amend allegations purporting to establish his claimed "inability to have made earlier discovery." *Id.* at 4. Accordingly, Plaintiff's unfair competition and fraudulent concealment claims relating to the two Washing Machines that were "manufactured in 2005" should be dismissed with prejudice. FAC ¶ 21.[3]

## V. CONCLUSION

For these reasons, the Court should dismiss the following claims with prejudice:

With respect to his claims for breach of implied warranty, Plaintiff's claims relating to the two Washing Machines that were "manufactured in 2005" (FAC ¶ 21) are time-barred on their face, and, by statute, cannot be salvaged by resort to the discovery rule. They should be dismissed with prejudice.

---

[3] The Court should also require Plaintiff to amend the FAC to account for the dismissal and the reasoning behind it. Currently, Plaintiff seeks to represent a class of all purchasers of Washing Machines regardless of when such Washing Machines were purchased. However, because Plaintiff cannot bring claims that are time-barred on their face, he obviously cannot represent putative class members whose claims are time-barred on their face. Therefore, Plaintiff should be required to amend the class definition in the FAC to include a temporal element -- four (4) years for warranty and UCL claims and three (3) years for the fraudulent concealment claims. Requiring such an amendment will clarify the issues in dispute and streamline discovery.

1   With respect to his fraudulent concealment and unfair competition claims,
2 claims relating to the two Washing Machines that were "manufactured in 2005" (FAC
3 ¶ 21) are time-barred.  Despite being ordered to do so, Plaintiff again has "not pleaded
4 adequate facts to allow him to invoke the discovery rule to extend the applicable
5 statutes of limitations" with respect to those claims.  Docket Entry No. 26 (Order on
6 Motion to Dismiss), at 3-4.  Accordingly, those claims also should be dismissed with
7 prejudice.

9  Dated:  June 10, 2013        **HUNTON & WILLIAMS LLP**
              Phillip J. Eskenazi
10             Jason J. Kim

12             By:   /s/ Phillip J. Eskenazi
                   Phillip J. Eskenazi
13                 Attorneys for Defendant
                   ELECTROLUX
14                 HOME PRODUCTS, INC.