1  **HUNTON & WILLIAMS LLP**
   Phillip J. Eskenazi (SBN 158976)
2  peskenazi@hunton.com
   Jason J. Kim (SBN 221476)
3  kimj@hunton.com
   550 South Hope Street, Suite 2000
4  Los Angeles, California 90071-2627
   Telephone: (213) 532-2000
5  Facsimile: (213) 532-2020

6  Attorneys for Defendant
   ELECTROLUX
7  HOME PRODUCTS, INC.

8              **UNITED STATES DISTRICT COURT**

9             **CENTRAL DISTRICT OF CALIFORNIA**

10                  **WESTERN DIVISION**

11

12 SPARKS LANDEN, individually and      CASE NO.: CV13-01033-DSF (SHX)
   on behalf of all others similarly
13 situated,                            **JOINT STIPULATION RE
                                        DEFENDANT ELECTROLUX HOME
14         Plaintiff,                   PRODUCTS, INC.'S MOTION TO
                                        COMPEL RESPONSES TO FIRST
15    v.                               SET OF INTERROGATORIES**

16 ELECTROLUX HOME PRODUCTS,            [*Notice of Motion and Motion and
   INC., a Delaware Corporation;        Declarations of Jason J. Kim and
17 CARLSONS APPLIANCES, INC., a         Catherine Burke Schmidt filed
   California Corporation; and DOES 1   concurrently herewith*]
18 through 20, inclusive,
                                        Hon. Stephen J. Hillman
19         Defendants.
                                        Date:       February 10, 2014
20                                      Time:       2:00 p.m.
                                        Ctrm.:      550
21
                                        Action filed:          January 8, 2013
22                                      Discovery cutoff date: TBD
                                        Motion cutoff date:    TBD
23                                      Pretrial conference date: TBD
                                        Trial date:            TBD
24

25

26

27

28

*Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627*

# **TABLE OF CONTENTS**

I.     ELECTROLUX'S INTRODUCTORY STATEMENT .......................................1

II.    PLAINTIFF'S INTRODUCTORY STATEMENT ...........................................3

III.   MEET AND CONFER EFFORTS..................................................................6

IV.    DISCOVERY IN DISPUTE ...........................................................................7

      A.     Interrogatory Nos. 2 & 11 ...................................................................7

           1.     Electrolux's Contentions .........................................................9

           2.     Plaintiff's Contentions ..........................................................13

      B.     Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22 & 23.............16

           1.     Electrolux's Contentions .......................................................25

           2.     Plaintiff's Contentions ..........................................................28

                a.     Electrolux's Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22, and 23 Impermissibly Seek Information Unnecessary For Determination of Class Certification Requirements.............................28

      C.     Responses Stated On Information And Belief (Interrogatory Nos. 2, 3, 9, 11 & 19) ...........................................................................34

           1.     Electrolux's Contentions .......................................................34

           2.     Plaintiff's Contentions ..........................................................35

                a.     Plaintiff Requires Discovery In Order To Amend His Response To Interrogatory Nos. 2, 3, 9, and 11; Interrogatory 19 Impermissibly Seeks Information Unrelated To Class Certification Requirements.................35

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

# <u>TABLE OF AUTHORITIES</u>

CASES

*Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*,
  133 S. Ct. 1184 (2013)................................................................6, 29, 31

*Anaya v. CBS Broad. Inc.*,
  2007 WL 2219458 (D.N.M. May 16, 2007)......................................12

*Arabian v. Sony Elecs., Inc.*,
  2007 WL 627977 (S.D. Cal. Feb. 22, 2007).....................................27

*Bathija v. Panoff Pub'g, Inc.*,
  2005 WL 2323298 (D. Alaska Sept. 21, 2005) ................................12

*Blackie v. Barrack*
  524 F.2d 891(9th Cir. 1975) .........................................................5, 29

*Bruce v. Harley-Davidson Motor Co., Inc.*,
  2012 WL 769604 (C.D. Cal. Jan. 23, 2012).....................................27

*Cholakyan v. Mercedes-Benz, USA, LLC*,
  281 F.R.D. 534 (C.D. Cal. 2012)......................................2, 3, 10, 27

*City and Cnty. of San Francisco v. Tutor-Saliba Corp.*,
  218 F.R.D. 219 (N.D. Cal. 2003) .....................................................13

*City of Yonkers v. Otis Elevator Co.*,
  106 F.R.D. 524 (S.D.N.Y. 1985).......................................................11

*Cox House Moving, Inc. v. Ford Motor Co.*,
  2006 WL 3230757 (D. S.C. Nov. 6, 2006)........................................27

*DIRECTV, Inc. v. Puccinelli*,
  224 F.R.D. 677 (D. Kan. 2004) .........................................................12

*Edwards v. Ford Motor Co.*,
  2012 WL 2866424 (S.D. Cal. June 12, 2012) ...................................27

*In re Convergent Techs. Sec. Litig.*,
  108 F.R.D. 328 (N.D. Cal. 1985) ......................................................15

*In re One Bancorp Sec. Litig.*,
  134 F.R.D. 4 (D. Me. 1991)...............................................................12

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

ii

*In re Whirlpool Corp. Front-Loading Washer Prods. Liability Litig.*,
   722 F.3d 838 (6th Cir. 2013) ...................................................................6

*Kartman v. State Farm Mut. Auto. Ins. Co.*,
   247 F.R.D. 561 (S.D. Ind. 2007) .........................................................12

*King v. E.F. Hutton & Co., Inc.*,
   117 F.R.D. 2 (D.D.C. 1987) ...........................................................11, 13

*Laurie M. Montanez, et al. v. Gerber Childrenswear, LLC, et al.*,
   Case 2:09-cv-07420-DSF (2011).............................................................5

*U.S. ex rel. O'Connell v. Chapman Univ.*,
   245 F.R.D. 646 (C.D. Cal. 2007)......................................................3, 34

*Wal-Mart Stores, Inc. v. Dukes*,
   131 S. Ct. 2541 (2011)..........................................................................29

*Walsh v. Ford Motor Co.*,
   130 F.R.D. 260 (D.D.C. 1990) .............................................................27

**STATUTES**

Fed. R. of Civ. P. 11 ...................................................................2, 11, 12

Fed. R. of Civ. P. 23 .............................................................................6, 29

Fed. R. of Civ. P. 26 .......................................................................passim

Fed. R. of Civ. P. 33 ...............................................................................15

**OTHER AUTHORITIES**

Schwartzer, William W. et al., RUTTER GROUP-CALIFORNIA PRACTICE GUIDE:
   FEDERAL CIVIL PROCEDURE BEFORE TRIAL  (The Rutter Group 2013)..14, 16, 35

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

iii

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

# I.   ELECTROLUX'S INTRODUCTORY STATEMENT

Plaintiff Sparks Landen ("Plaintiff") brings this putative class action lawsuit alleging that Defendant Electrolux Home Products, Inc. ("Electrolux") sold defective washing machines.  Plaintiff owns three (3) Electrolux washing machines, two (2) of which of which he has owned for nearly ten (10) years, and none of which has malfunctioned in any manner whatsoever.  Nonetheless, Plaintiff contends that he should be permitted to represent a class of purchasers of Electrolux washing machines based on his claim that his three (3) Electrolux washing machines purportedly "share a *common water level pressure system design*" with a purported "*common defect* that causes [them] to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance."  First Amended Complaint ("FAC") ¶¶ 1, 2.

By this motion, Electrolux seeks to compel answers to basic contention interrogatories directed to both of those allegations.  More specifically, Electrolux's interrogatories seek:  (1) a factual description of the alleged "common water level pressure system design," including facts sufficient to identify the "defective" parts that comprise the alleged "common water level pressure system design;" and (2) a factual description of the alleged "common defect" that purportedly exists in all accused Electrolux washing machines, including the factual bases supporting Plaintiff's claim that all accused Electrolux washing machines contain the same alleged "common defect" and that all accused Electrolux washing machines will break down in the same manner and create the same safety hazards to the putative class (particularly considering that *none of Plaintiff's Electrolux washing machines has malfunctioned*).

Electrolux is entitled to this discovery, and it needs the discovery to oppose Plaintiff's forthcoming motion for class certification.  However, Plaintiff refuses to respond to this most basic discovery that goes to the core of class certification.

There is no question that the discovery sought is relevant to class certification.  To certify a class, Plaintiff must establish the existence of a "common water level

pressure system design" and a "common defect," and he must do so with admissible evidence.  FAC ¶¶ 1, 2; *Cholakyan v. Mercedes-Benz, USA, LLC*, 281 F.R.D. 534, 553 (C.D. Cal. 2012) (under *Dukes'* commonality requirement, party seeking class certification must produce admissible evidence establishing:  (1) "a single part or unified system within the [product] as the alleged source of problems;" and (2) "that a single design flaw that is common across all of the [parts/systems] in question is responsible for the alleged [problem].").  The discovery Electrolux seeks goes directly to these two issues.  For the reasons set forth below, Plaintiff has failed to provide adequate responses (and in several instances, objections only), and the Court should compel Plaintiff to provide further responses.

   *First*, with respect to interrogatories directed to Plaintiff's claim of a "common water level pressure design," there is no dispute as to relevance or discoverability. The parties dispute *timing*.  Plaintiff contends that he needs further discovery from Electrolux before he can provide an adequate response to interrogatories concerning the alleged "common water level pressure system design."  But he is wrong for two reasons.  One, Plaintiff, and not Electrolux, owns and maintains exclusive possession of three (3) washing machines that he claims contain the alleged "common water level pressure system design."  Two, Plaintiff has it backwards.  He does not get to file a lawsuit, conduct discovery, *and then concoct a claim*.  Consistent with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must have had some factual basis for alleging in his complaint that this action was suitable for class treatment based on his claim of a "common water level pressure system design."  Plaintiff commenced this lawsuit based on certain allegations, and he should be compelled to provide further responses as to the alleged "common water level pressure system design," including a complete and thorough description thereof.

   *Second*, with respect to interrogatories directed to Plaintiff's claim of a "common defect," the parties dispute whether such interrogatories properly fall on the class certification side of the parties' agreement to bifurcate discovery.  Electrolux

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

contends that such interrogatories seek discovery on class certification issues. And, as a matter of law, they do. To obtain class certification, Plaintiff must prove "that a single design flaw that is common across all of the [parts/systems] in question is responsible for the alleged [problem]." *Cholakyan*, 281 F.R.D. at 553. Electrolux seeks discovery as to what that "single design flaw" is in advance of Plaintiff's motion for class certification. Plaintiff has no basis to withhold such information, and he should be compelled to provide responses regarding the same.

*Third*, Plaintiff has an obligation to provide responses based on personal knowledge, not on information and belief. Several of Plaintiff's interrogatory responses are made on information and belief. As a matter of law, he must amend those responses, stating them on his personal knowledge. *See, e.g., U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007).

Plaintiff elected to commence this lawsuit wherein he makes very serious allegations and seeks considerable relief. He must comply with his obligations as a litigant and afford Electrolux the due process to which it is entitled.

## II.    PLAINTIFF'S INTRODUCTORY STATEMENT

Electrolux is seeking a description of the water level pressure system utilized in GE Model WSM2700 (and Frigidaire Model FGX831CSI) that is intended to, but unpredictably and sporadically fails to, prevent its washing machines from overflowing. Electrolux already has this information in its own possession. In his First Amended Complaint ("FAC"), Plaintiff described not only the common design of the washing machines at issue, but he described with particularity why the design is defective. For example, Plaintiff's FAC alleges the following:

> For decades, Electrolux Home Products, Inc. ("Electrolux") has distributed, manufactured, and/or sold top-loading washing machine and laundry centers including General Electric (GE), Kenmore, and Frigidaire branded appliances that share a common water level pressure system design (collectively, "Washing Machines"). [¶] The Washing Machines

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

3

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

have a common defect that causes Washing Machines to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance ("Design Defect").  More specifically, the Washing Machines contain an inadequate length and/or inadequate strain relief of the air hose where the air hose connects to the air dome.  The design fails to account for motion of the Washing Machine tub that occurs during normal and reasonably expected operation and/or use.  The inadequate length and/or inadequate strain relief of the air hose causes an increase in tension on the connection of the air hose to the air dome during operation of the Washing Machine.  Over time, the repeated tension loading events cause the air hose to disconnect from the air dome.  Once the air hose is disconnected, the water level pressure switch can no longer sense the water level (water pressure) within the Washing Machine tub.  Consequently, disconnection of the air hose results in overflow, leak and/or water-loss.

Declaration of Catherine Burke Schmidt In Support Of Plaintiff's Opposition ("Schmidt Decl.") at 4-5 ¶¶ 1-2 (Ex. 1 FAC ¶¶ 1-2).

In support of its removal of this case from state court, Electrolux admitted that at least twenty-two (22) other models utilize the same water level pressure system.  In fact, Electrolux defined the water level pressure system in terms of two parts:  the air hose; and the tub.  Schmidt Decl. at 26 ¶ 4 (Ex. 2 Declaration of Carl D. King In Support of Defendant Electrolux Home Products, Inc.'s Notice of Removal ¶ 4).  Despite its position during removal of this case, Electrolux now claims that it doesn't understand what is meant by the water level pressure system.  Plaintiff is more than willing to define what is meant by water level pressure system in terminology that Electrolux can understand, but he requires the design documents, user manuals, and other requested information, including the deposition of Carl D. King and Electrolux's

4

30(b)(6) designee(s), in order to utilize Electrolux's lexicon to describe the water level pressure system and to identify those models that contain the same, or substantially similar, design. In fact, Plaintiff served his request for these documents on or about November 4, 2013. On November 22, 2013, Plaintiff granted Electrolux an extension to respond to the requests until January 8, 2014. On December 24, 2013, after receiving Electrolux's portion of this joint stipulation, Plaintiff requested that Electrolux allow Plaintiff an opportunity to review the responsive documents before amending his responses. Electrolux chose, instead to pursue this motion. Schmidt Decl. ¶ 2.

With regard to the remaining interrogatories at issue, they seek information unrelated to the determination of class certification requirements. For example, Interrogatory No. 22 demands "Set forth in detail the factual basis for YOUR contention that each and every one of the WASHING MACHINES 'is not merchantable due to its Design Defect' . . ." As another example, Interrogatory No. 12 demands the factual basis for the contention that "the lower connection from the air hose to the air dome … failed to allow for sufficient strain relief and/or air hose length because it failed to include a service loop and/or hose clip/clamp in sufficient proximity to the air dome." These interrogatories do not seek to define the common defect that is the source of alleged risk of overflow. These interrogatories seek evidence that establish the elements of Plaintiff's claims.

It is undisputed that the Court ordered bifurcated discovery in this case; only those issues directly related to the requirements for class certification are discoverable. Schmidt Decl. at 32:11-33:4, 35:3-5 (Ex. 3 Reporter's Transcript of Proceedings dated June 3, 2013 at 3:11-4:4, 6:3-5). In deciding motions for class certification, "[a]t this stage of the proceedings, courts must accept the factual allegations in the complaint as true." *Laurie M. Montanez, et al. v. Gerber Childrenswear, LLC, et al.*, Case 2:09-cv-07420-DSF -DTB (2011) Order Granting Motion for Class Certification (Docket No. 213) at 1 (citing *Blackie v. Barrack* (9th Cir. 1975) 524 F.2d 891, 901). Inquiry into

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

the merits of Plaintiff's claims is limited to where it is necessary to decide if Rule 23 prerequisites are met.  *Amgen, Inc. v. Conn. Retirement Plans and Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013).   For example, to demonstrate commonality, the "inquiry focuses on whether a class action will generate common answers that are likely to drive resolution of the lawsuit."  *In re Whirlpool Corp. Front-Loading Washer Products Liability Litigation*, 722 F.3d 838 (6th Cir. 2013).  In this case, two primary questions that will produce in one stroke answers that are central to Plaintiffs' legal claims include:  1. whether the alleged design defects in the washing machines proximately cause the washing machines to overflow; and 2. whether Electrolux adequately warned consumers who purchased the washing machines about the risk of overflow.  Proof that these questions are common to the entire class is evidenced by the fact that the washing machines contain the same defect – a risk that an air hose disconnects from the tub in the water level pressure system.  This Court should deny Electrolux's motion as to Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22, and 23 on the grounds that the information sought is an impermissible investigation into the merits of the case that is unnecessary for determination of class certification.

## III.   MEET AND CONFER EFFORTS

Electrolux has been trying to obtain the discovery sought by this motion for months.  After finally receiving responses that were unsatisfactory, the parties agreed in writing and set an agenda to meet and confer on these issues on November 5, 2013. Kim Decl., Exh. C (11/5/13 Email).  Thereafter, the parties met and conferred telephonically on November 13, 2013, after which Electrolux's counsel emailed Plaintiff's counsel, summarizing the parties' discussion and reiterating Electrolux's position on the issues.  *Id.* ¶ 5; Exh. D.  The parties met and conferred again on November 20, 2013, but still failed to reach a resolution.  Kim Decl. ¶ 6.  After repeated requests by telephone and email to obtain an answer as to whether Plaintiff would provide further (and in some cases, any) responses to the subject interrogatories, Plaintiff stated that he would not do so.  *Id.*, Exh. D (12/9/13 Email).

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

With respect to interrogatories directed to Plaintiff's claim of a "common water level pressure design," Plaintiff stated that he first "require[d] documents in Electrolux's possession." Kim Decl., Exh. D (12/9/13 Email). With respect to Plaintiff's claim of a "common defect," Plaintiff stated that "these requests do not overlap with class certification requirements." *Id.* Rather than provide meaningful responses, Plaintiff offered to "recite the allegations of the First Amended Complaint." *Id.* At that point, Electrolux's counsel informed Plaintiff's counsel that the parties reached an impasse and that Court intervention was necessary. *Id.*

## IV.    DISCOVERY IN DISPUTE

### A.    Interrogatory Nos. 2 & 11

**INTERROGATORY NO. 2.**

Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members "share a common water level pressure system design," as alleged in Paragraph 1 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 2:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Subject to and without waiving these objections, Responding Party responds as follows:

Plaintiff owns three WASHING MACHINES, two Model FGX831CS, and one Model FGX831FS. Based on information and belief, Plaintiff contends that the WASHING MACHINES, including the three he owns, contain the same water level pressure design. According to the Declaration of Carl D. King In Support Of

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

7

Defendant Electrolux Home Products, Inc.'s Notice of Removal, who attested that he was familiar with models WSM2700 and FGX831, twenty-two additional models utilize the same hose and tub part numbers (parts numbers 144616-023 and 145055-000) that make up the water level pressure design.

**INTERROGATORY NO. 11.**

Set forth in detail the factual basis for YOUR contention that each and every one of the WASHING MACHINES has an "upper connection of the air hose to the pressure switch contains additional length to the air hose in the form of a service loop, as well as a hose clip/clamp to prevent tension at the air hose connection to the pressure switch," as alleged in Paragraph 17 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 11:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants. Subject to and without waiving these objections, Responding Party responds as follows:

Plaintiff owns three WASHING MACHINES, two Model FGX831CS, and one Model FGX831FS. Based on information and belief, Plaintiff contends that the WASHING MACHINES, including the three he owns, contain the same water level pressure design. According to the Declaration of Carl D. King In Support Of

8

Defendant Electrolux Home Products, Inc.'s Notice of Removal, who attested that he was familiar with models WSM2700 and FGX831, twenty-two additional models utilize the same hose and tub part numbers (parts numbers 144616-023 and 145055-000) that make up the water level pressure design.

### 1. Electrolux's Contentions

Interrogatory Nos. 2 and 11 seek a detailed factual description of the "common water level pressure system design" alleged to exist by Plaintiff, as well as the factual bases for that claim.  As it stands, Plaintiff has not identified the parts, systems, or components that he claims to be defective.  Rather, Plaintiff simply alleges that an amorphous "water level pressure system design" is "common" to an unknown number of washing machine models reaching all the way back to 2005.

More specifically, Interrogatory No. 2 asks:  "Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members 'share a common water level pressure system design,' as alleged in Paragraph 1 of the COMPLAINT."  Likewise, Interrogatory No. 11 asks:  "Set forth in detail the factual basis for YOUR contention that each and every one of the WASHING MACHINES has an 'upper connection of the air hose to the pressure switch contains additional length to the air hose in the form of a service loop, as well as a hose clip/clamp to prevent tension at the air hose connection to the pressure switch,' as alleged in Paragraph 17 of the COMPLAINT."

Plaintiff provided identical objections and responses to those two Interrogatories:

> Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein.  Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification.  Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the

9

Hunton & Williams LLP

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

attorney-client privilege, or any other applicable privilege held by Responding Party.   Subject to and without waiving these objections, Responding Party responds as follows:

Plaintiff owns three WASHING MACHINES, two Model FGX831CS, and one Model FGX831FS.   Based on information and belief, Plaintiff contends that the WASHING MACHINES, including the three he owns, contain the same water level pressure design.   According to the Declaration of Carl D. King In Support Of Defendant Electrolux Home Products, Inc.'s Notice of Removal, who attested that he was familiar with models WSM2700 and FGX831, twenty-two additional models utilize the same hose and tub part numbers (parts numbers 144616-023 and 145055-000) that make up the water level pressure design.

With respect to Plaintiff's stated objections, Plaintiff objected on the grounds that Interrogatory Nos. 2 and 11 are irrelevant to class certification issues.   But this is simply not correct since Plaintiff cannot certify a class unless he can prove the existence of a "common water level pressure system design."   *Cholakyan*, 281 F.R.D. at 553.   Plaintiff also objected on the grounds of privilege, but he has not stated any basis for asserting privilege.   (Nor has he suggested that he has withheld any information on the basis of privilege or produced a requisite privilege log.)

Through the meet and confer process, the parties have narrowed the focus of the dispute.   It concerns *when* Plaintiff should be required to describe the alleged "common water level pressure system design."   Plaintiff made his position plain during the meet and confer process.   He stated that, before he will provide any description of the "water level pressure design," he first "requires the design documents of those washing machine models described in the FAC ('Washing Machines') and those models identified by Carl King ('Subject Models')."   Kim Decl., Exh. D (12/9/13 Email).   But Plaintiff has it backwards.   He does not get to file a lawsuit, conduct discovery, *and then concoct a claim*.   Electrolux is entitled to know now the precise facts which support Plaintiff's allegations and which led to the filing of this lawsuit.

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1    Moreover, Electrolux needs the information now to develop its opposition to

2    class certification.  Plaintiff does not need extensive discovery from Electrolux simply

3    to describe the "common water level pressure system" that he claims to be defective.

4    He can do so now.  The Court should reject Plaintiffs' arguments for multiple reasons.

5    *First*, Plaintiff brought a lawsuit claiming that all three (3) of his Electrolux

6    washing machines contain the same "water level pressure design."  Plaintiff must have

7    had some factual basis for concluding that, at a minimum, his three (3) Electrolux

8    washing machines contain the same "water level pressure design."  "Rule 11,

9    F.R.Civ.P., requires no less."  *King v. E.F. Hutton & Co., Inc.*, 117 F.R.D. 2, 5

10   (D.D.C. 1987) (citing *City of Yonkers v. Otis Elevator Company*, 106 F.R.D. 524

11   (S.D.N.Y.1985).  Moreover, Plaintiff alone maintains exclusive possession of his

12   three (3) washing machines, not Electrolux.  There is no reason why Plaintiff cannot

13   presently identify the parts/systems/components that he alleges comprise the defective

14   "water level pressure design" in his own machines.

15   *Second*, Plaintiff has an obligation to respond to discovery based on the

16   knowledge that he presently possesses; he cannot forestall his obligation to respond

17   based on a claimed need for further discovery from Electrolux.  "It is no answer for

18   [Plaintiff] to assert that [he] will need discovery" simply to describe what he claims to

19   be the allegedly defective "water level pressure design."  *King*, 117 F.R.D. at 5-6.  He

20   "should have answered the interrogatories with such information as [he] then

21   possessed, and pursuant to Rule 26(e), F.R.Civ.P. the [Plaintiff] ha[s] the option,

22   indeed even the duty, to supplement [his] answers to these interrogatories to reflect

23   refinements or corrections to the factual representations as to" the allegedly defective

24   "water level pressure design."  *Id.*

25   Plaintiff has put the alleged "common design in Plaintiff's machines" squarely

26   at issue in the class certification phase of this lawsuit.  And, as shown above, he

27   presently possesses enough information to describe what he claims to be the alleged

28   "common design" in his own machines.  "To the extent Plaintiff is concerned that

11

1   [his] answer to this interrogatory might change during the course of discovery, then

2   Plaintiff can, and in fact, may have a duty to, supplement [his] interrogatory answer."

3   *DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689 (D. Kan. 2004).  Accordingly,

4   Plaintiff "should have responded to the interrogatories by informing [Electrolux] of

5   the specific facts on which it currently intends to rely [*i.e.*, the alleged "common

6   design" that is present in his own washing machines] and then supplementing [his]

7   response at a later date, rather than simply refusing to provide a substantive answer to

8   the interrogatories."  *Bathija v. Panoff Pub'g, Inc.*, 2005 WL 2323298, at *1 (D.

9   Alaska Sept. 21, 2005).  "This is especially true given that [Electrolux's]

10  interrogatories concern the basic facts underlying [Plaintiff's] claims for relief and not

11  complex issues of mixed law and fact."  *Id.*

12          Electrolux seeks only to have Plaintiff provide answers to the most basic of

13  questions.  What is the allegedly common defective design that is at issue in this

14  lawsuit?  What parts/components are in the allegedly defective design?  How does it

15  function?  Is it Plaintiff's position that all models with those same components will

16  function in precisely the same manner?  These issues are plainly relevant to class

17  certification and plaintiff has an immediate duty to respond.  *Bathija*, 2005 WL

18  2323298, at *1; *see also Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561,

19  566 (S.D. Ind. 2007) (ordering plaintiffs to respond to interrogatories despite

20  objection that further discovery was required and noting that "Plaintiffs should be able

21  to articulate their general legal theories in this high-stakes, class action litigation even

22  if these theories are not fully developed."); *Anaya v. CBS Broad. Inc.*, 2007 WL

23  2219458, at *10 (D.N.M. May 16, 2007) ("Defendants are entitled to know the factual

24  basis of Anaya's allegations and should not have to wait until a certain phase of

25  discovery is completed to know this information."); *In re One Bancorp Sec. Litig.*,

26  134 F.R.D. 4, 8 (D. Me. 1991) ("Consistent with Rule 11 of the Federal Rules of Civil

27  Procedure, Plaintiffs must have some factual basis for the allegations in their

28  complaint.  Plaintiffs must answer Ernst & Young's interrogatories with such

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

12

information as they now possess; furthermore, Plaintiffs should supplement their responses to reflect new information developed as their own discovery progresses."); *City and County of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (plaintiff should provide its assessment of damages in light of information currently available to it in sufficient detail).

In the end, Plaintiff "brought this lawsuit and cannot properly complain of the burden which would be imposed upon [him] to give as detailed and as complete answers as now possible." *King*, 117 F.R.D. at 2. He should be compelled to provide immediate further responses. Due process mandates it.

### Electrolux's Proposed Resolution

Plaintiff should be compelled to supplement his responses to Interrogatory Nos. 2 and 11 to provide a complete and thorough description of the alleged "water level pressure design" that Plaintiff contends is common to all the Washing Machines in Plaintiff's proposed class, including a complete description of all part(s), component(s) and/or system(s) that comprise the alleged "water level pressure design" based on all facts currently known to him.

### 2.    Plaintiff's Contentions

Interrogatory No. 2 states: "Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members 'share a common water level pressure system design,' as alleged in Paragraph 1 of the COMPLAINT. "WASHING MACHINE" is defined as "any top-loading washing machines designed or manufactured by ELECTROLUX that YOU claim to have the 'Design Defect,' as that term is used in Paragraph 2 of the COMPLAINT." Paragraph 2 of the FAC defines "Design Defect" as "the Washing Machines have a common defect that causes Washing Machines to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance." Schmidt Decl. at 5 ¶ 2 (Ex. 1 FAC ¶ 2).

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

13

First of all, the Interrogatory is poorly crafted because by virtue of Electrolux's definition of term "WASHING MACHINES", they all share a common water level pressure system.  Despite this flawed definition, and in a good faith effort to respond to what Plaintiff interpreted to be meant by the interrogatory, Plaintiff responded as follows:  "Plaintiff owns three WASHING MACHINES, two Model FGX831CS, and one Model FGX831FS.  Based on information and belief, Plaintiff contends that the WASHING MACHINES, including the three he owns, contain the same water level pressure design.  According to the Declaration of Carl D. King In Support Of Defendant Electrolux Home Products, Inc.'s Notice of Removal, who attested that he was familiar with models WSM2700 and FGX831, twenty-two additional models utilize the same hose and tub part numbers (parts numbers 144616-023 and 145055-000) that make up the water level pressure design."  In addition to this response, in the month prior to service of his interrogatory response, Plaintiff produced several reports that discuss the common water level pressure system and why it is defective.  *See* Schmidt Decl. Ex. 4 (LAN0004-0068).

Setting aside the fact that contention interrogatories that demand each and every fact that supports an allegation may be held overly broad and unduly burdensome (Schwartzer, Hon. William W. et al., RUTTER GROUP-CALIFORNIA PRACTICE GUIDE: FEDERAL CIVIL PROCEDURE BEFORE TRIAL, ("Cal. Prac. Guide: Fed. Civ. Proc.") (The Rutter Group 2013) § 11:1682), it is well established that:

> Sometimes a party is unable to state its contentions with respect to a particular matter because its own discovery or investigation is not yet complete.  []  In such cases, the party should seek a court order authorizing a delay in answering the interrogatory. The order may defer the answer "until after designated discovery has been completed or until a pre-trial conference or other later time."

1   Cal. Prac. Guide: Fed. Civ. Proc. §11:1677 (citing Fed. R. Civ. Proc. 33(a)(2) and *In*

2   *re Convergent Technologies Secur. Litig.* (ND CA 1985) 108 F.R.D. 328, 336

3   (answers deferred until completion of document production by opposing party)).

4          In this case, as described above, Plaintiff is willing to amend his response in

5   order to utilize Electrolux's own lexicon to describe the water level pressure system.

6   However, until Electrolux produces the documents for the machines that contain the

7   identical air hose routing and strain-relief features of the water level pressure system

8   contained in GE Model WSM2700 and Frigidaire Model FGX831CSI, and allows

9   Plaintiff to examine Mr. King and its 30(b)(6) designees, Plaintiff is unable to do so.

10  Without those documents and deposition testimony, Electrolux can and will continue

11  to confuse the issue by claiming ignorance of what is meant by the water level

12  pressure system, even though it seemed to have no confusion when it removed this

13  case from state court.

14         Based on the allegations of Plaintiff's original complaint that contained the

15  same content as the FAC in paragraphs, *inter alia*, 1 and 2, Electrolux removed this

16  case from the California Superior Court, County of Los Angeles, Central Civil West.

17  In support of its removal Electrolux filed a declaration from Carl D. King, who

18  declared:

19         As the Product Safety Engineer for Fabric Care for Electrolux, I have

20         access to the sales records of its washing machines, including those that

21         meet the description set forth in the complaint in this lawsuit (hereinafter,

22         "Washing Machines").  Based on my review of those records, Electrolux

23         has sold approximately 41,594 GE Model WSM2700 and Frigidaire

24         Model FGX831 Washing Machines in California since January 1, 2006,

25         and 73,608 going back to January 1, 2000, with MSRPs on those models

26         ranging from approximately $949 to $1269.  [¶]  As the Product Safety

27         Engineer for Fabric Care for Electrolux, I am readily familiar with the

28         WSM2700 and FGX831 Washing Machines' air hose and tub

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

15

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

components and features.  Twenty-two (22) additional models utilize the same air hose and tub part numbers as the WSM2700 and FGX831 Washing Machines.  After reviewing Electrolux's sales records, I have determined that it has sold well over 300,000 of those additional models in California since January 1, 2008.

Schmidt Decl. Ex. 2 ¶¶ 3-4.  While Plaintiff may ultimately agree with Electrolux that defining the water level pressure system in terms of the air hose and tub part numbers, Plaintiff requires discovery in order to verify whether different part numbers were used over time and between models despite the fact that the part associated with different numbers may have had a substantially similar design that results in the same risk of overflow.

With respect to Electrolux's allegation that Plaintiff has failed to produce a privilege log:  1. Electrolux failed to raise this issue at the conference of counsel; and 2. "Interrogatories are not the proper discovery device for obtaining production of documents. The responding party may be requested to attach copies of identified documents to his or her answers, but cannot be compelled by interrogatories to do so." Cal. Prac. Guide: Fed. Civ. Proc. § 11:1683.

**Plaintiff's Proposed Resolution at Conference of Counsel**

Plaintiff proposed that Plaintiff provide amended responses once Electrolux produced the requested documents and the requested deposition witnesses.

**B.**    **Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22 & 23**

**INTERROGATORY NO. 3.**

Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members "have a common defect that causes [them] to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance," as alleged in Paragraph 2 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 3:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. To the extent that this interrogatory seeks information as to why the WASHING MACHINE is defective, Plaintiff objects on the basis that it is not relevant to a determination of class certification. However, subject to and without waiving these objections, and to the extent that this interrogatory seeks information as to why the alleged defect is common to all WASHING MACHINES, Responding Party responds as follows:

Plaintiff owns three WASHING MACHINES, two Model FGX831CS, and one Model FGX831FS. Based on information and belief, Plaintiff contends that the WASHING MACHINES, including the three he owns, contain the same water level pressure design. According to the Declaration of Carl D. King In Support Of Defendant Electrolux Home Products, Inc.'s Notice of Removal, who attested that he was familiar with models WSM2700 and FGX831, twenty-two additional models utilize the same hose and tub part numbers (parts numbers 144616-023 and 145055-000) that make up the water level pressure design.

**INTERROGATORY NO. 4.**

Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members "contain an inadequate length and/or inadequate strain relief of the air hose where the air hose connects to the air dome," as alleged in Paragraph 2 of the COMPLAINT.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

17

**RESPONSE TO INTERROGATORY NO. 4:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 5.**

Set forth in detail the factual basis for YOUR contention that none of the WASHING MACHINES purchased by putative class can "withstand normal and expected consumer uses and scenarios without resulting in catastrophic water-loss failures," as alleged in Paragraph 2 or the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 5:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

18

responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 6.**

Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members will "overflow" and cause "catastrophic injury and enormous property damage," as alleged in Paragraph 3 or [sic] the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 6:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 8.**

Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members will "fail years before their useful expected life due to the Design Defect," as alleged in Paragraph 6 of the COMPLAINT.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

**RESPONSE TO INTERROGATORY NO. 8:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 10.**

Set forth in detail the factual basis for YOUR contention that "the harm caused by the Design Defect occurs during the normal and intended use of" each and every one of the WASHING MACHINES purchased by putative class members, as alleged in Paragraph 7 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 10:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 12.**

Set forth in detail the factual basis for YOUR contention that "the lower connection from the air hose to the air dome" in each and every one of the WASHING MACHINES "failed to allow for sufficient strain relief and/or air hose length because it failed to include a service loop and/or hose clip/clamp in sufficient proximity to the air dome," as alleged in Paragraph 17 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 12:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 16.**

Set forth in detail the factual basis for YOUR contention that each and every putative class member's use of a WASHING MACHINE can "result in enormous property damage caused by flooding, and the consequences of standing water, which indeed can affect all aspects of completed construction, from electrical work to the

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

structural integrity of any given home or condominium," as alleged in Paragraph 23 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 16:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 17.**

Set forth in detail the factual basis for YOUR contention that each and every putative class member's use of a WASHING MACHINE can "result in catastrophic personal injury, including significant orthopedic injuries and head injuries, caused by falls," as alleged in Paragraph 23 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 17:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

22

other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 21.**

Set forth in detail the factual basis for YOUR contention that each and every putative class member "purchas[ed] only half the typical life of a Washing Machine," as alleged in Paragraph 58 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 21:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 22.**

Set forth in detail the factual basis for YOUR contention that each and every one of the WASHING MACHINES "is not merchantable due to its Design Defect," as alleged in Paragraph 66 of the COMPLAINT.

**Hunton & Williams LLP**
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding Party further objects to this Request to the extent that it seeks premature and/or impermissible disclosures related to retained experts and/or consultants.

**INTERROGATORY NO. 23.**

Set forth in detail the factual basis for YOUR contention that each and every one of the WASHING MACHINES "was not reasonably safe for its intended use when it left Electrolux's control and entered the market," as alleged in Paragraph 67 of the COMPLAINT.

**RESPONSE TO INTERROGATORY NO. 23:**

Responding Party hereby incorporates the General Statement and Objections above as though fully set forth herein. Responding Party objects to this Request on the grounds that it seeks information beyond the scope permissible discovery to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence relevant to a determination of class certification. Responding Party further objects to this Request to the extent that it seeks to elicit attorney work product, trial preparation materials and/or communications protected by the attorney-client privilege, or any other applicable privilege held by Responding Party. Responding Party objects to this Request to the extent it imposes obligations that exceed Responding Party's

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1   responsibilities pursuant to Federal Rule of Civil Procedure Rule 26. Responding

2   Party further objects to this Request to the extent that it seeks premature and/or

3   impermissible disclosures related to retained experts and/or consultants.

### 1.   Electrolux's Contentions

Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22 and 23 all seek answers

concerning Plaintiff's allegations that class certification is appropriate in this case due

to a "common defect" in Electrolux washing machines.  Again, the dispute turns on

*timing*.  As background, the parties agreed to bifurcate class certification and merits

discovery in this matter.  Kim Decl. ¶ 3.  Electrolux contends that the subject

interrogatories are directed to class certification issues.  Plaintiff refuses to respond to

the interrogatories on the grounds that they purportedly target the merits in

contravention of the parties' agreement to bifurcate discovery.[1]  They do not.

To be clear, Electrolux is not seeking discovery going to the question of

whether Electrolux washing machines are, in fact, defective.  But Electrolux does seek

discovery as to Plaintiff's *common* defect theory, beyond Plaintiff's generalized

statements that the Electrolux washing machines have the same allegedly defective

"water level pressure design."  If, as Plaintiff alleges, class certification is appropriate

because all of the accused washing machines are certain to break down, then does

Plaintiff contend that they will they all break down in the same manner?  Are the

alleged injuries of putative class members attributable to the same source?  Stated

differently, Electrolux needs to know whether and how Plaintiff contends that all

accused washing machines function in a like manner, how that function is defective

across the board and how all putative class members have suffered injury from a

common source.  This information is necessary to determine whether Plaintiff can

prove a defect using common proof, a crucial issue on Plaintiff's forthcoming class

certification motion.

---

[1] Plaintiff responded only to Interrogatory No. 3, copying wholesale his response to Interrogatory No. 2.  He provided no response whatsoever to Interrogatory Nos. 4, 5, 6, 8. 10, 12, 16, 17, 21, 22 and 23, only objections.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

During the meet and confer process, Plaintiff stated that he "is amenable to supplementing his responses to these requests to recite the allegations of the First Amended Complaint." Kim Decl., Exh. D (12/9/13 Email). But that will not do. Indeed, the purpose of Electrolux's interrogatories was to learn what factual information underlies the allegations made in the First Amended Complaint, which are uninformative to say the least. For example, Plaintiff alleges in his complaint that Electrolux washing machines "contain an inadequate length and/or inadequate strain relief of the air hose where the air hose connects to the air dome." FAC ¶ 2. Which is it then? Is it "inadequate length" or is it "inadequate strain relief"? Given Plaintiff's use of the "and/or" disjunctive, the answer is uncertain. If it is "inadequate length," then to what is Plaintiff referring? The "air hoses"? If so, then what is adequate and what is "inadequate"? Does that apply to all models? And how long does Plaintiff suggest that an "air hose" should be to be "adequate"? Should the "air hoses" in all models be of uniform length? Or does Plaintiff complain of "inadequate strain relief"? What does that even mean? What components are involved in the "strain relief"? And what is "inadequate" about those components"? Conversely, what would be "adequate"? Plaintiff also references "normal and reasonably expected appliance use" and "typical lifetimes." *Id.* What do those phrases even mean to Plaintiff in particular given that he has now owned two machines for almost ten (1) years without incident? Do the terms "normal," "reasonably expected," and "typical" apply to all models and to all users? Upon what does Plaintiff base those vague and indefinite standards? Questions abound.

Notably, in response to Interrogatory No. 9, Plaintiff states that "the repair to the WASHING MACHINES that Plaintiff seeks can be completed within approximately one hour." Kim Decl., Exh. B (Rog Responses). If Plaintiff is contending that classwide adjudication is appropriate because all of the machines can be repaired using a specific method that could be completed within an hour, then that should inform Plaintiff as to what the defective parts/components are, as well as how

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

26

and why they are defective. Plaintiff cannot fix something unless he knows how it is broken. Electrolux is entitled to know how Plaintiff proposes to apply a common "fix" to all accused washing machines, and it is entitled to know that information before Plaintiff files his class certification motion.

None of the questions posed by the subject interrogatories are directed solely to the merits; rather, they go to Plaintiff's burden of proof at the class certification stage. *See*, *e.g.*, *Arabian v. Sony Electronics, Inc.*, 2007 WL 627977 (S.D. Cal. Feb. 22, 2007) (denying class certification on grounds that individualized inquiries predominated with respect to "common defect" theory: "In short, without further factual inquiry, it is not clear that the problems with the laptops of even the two proposed Class representatives were precipitated by the same root cause."); *Cox House Moving, Inc. v. Ford Motor Co.*, 2006 WL 3230757, at *8 (D. S.C. Nov. 6, 2006) (same); *Cholakyan*, 281 F.R.D. at 554 n. 96 (plaintiff "must adduce evidence that the alleged injuries of all class members can be traced to the same source of injury"); *Bruce v. Harley-Davidson Motor Co., Inc.*, 2012 WL 769604 (C.D. Cal. Jan. 23, 2012) (denying motion for class certification because "plaintiffs have failed to show that they have the ability to use common evidence by which they can demonstrate the defective nature of the Class Vehicles."); *Edwards v. Ford Motor Co.*, 2012 WL 2866424, at *4 (S.D. Cal. June 12, 2012) ("The Court agrees and finds that the fundamental issues of the existence and definition of a defect are not amenable to resolution by proof on a classwide basis."); *Walsh v. Ford Motor Co.*, 130 F.R.D. 260, 269 (D.D.C. 1990) ("While the plaintiffs are not required to prove their case to obtain class certification [citation], they must present credible classwide proof that the Ford vehicles in question suffered from some common defect causing the park-to-reverse phenomenon."). To determine whether Plaintiff can prove a "common defect" through classwide proof, the Court necessarily must understand Plaintiff's theories and factual bases as to the definition and existence of the alleged "common defect," including how that alleged "common defect" supposedly manifests itself in all, not

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

27

some, of the accused washing machines.  Electrolux is entitled to discovery concerning the same, and Plaintiff should be compelled to provide responses thereto.

**Electrolux's Proposed Resolution**

Plaintiff should be compelled to supplement his response to Interrogatory No. 3. Plaintiff further should be compelled to respond to Interrogatory Nos. 4, 5, 6, 8. 10, 12, 16, 17, 21, 22 and 23.

### 2.    Plaintiff's Contentions

#### a.    Electrolux's Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22, and 23 Impermissibly Seek Information Unnecessary For Determination of Class Certification Requirements.

Plaintiff did not define the class as all owners of Electrolux washing machines that overflowed.  Plaintiff defined the class as "All persons [] located within California who own a washing machine or laundry center manufactured by Electrolux that contains the identical air hose routing and strain-relief features as the GE Model WSM2700 and Frigidaire Model FGX831CSI" and excluded those owners whose machines overflowed four years prior to the filing of this case.  Schmidt Decl. at 10 ¶ 32 (Ex. 1 ¶ 32).  As stated above, Plaintiff is not opposed to providing amended responses that utilize Electrolux's own vocabulary to define the air hose routing and strain-relief features of the water level pressure system of GE Model WSM2700.  Moreover, Plaintiff has requested the evidence from Electrolux to prove that the same water level pressure system of GE Model WSM2700 exists in many other models over many years.  Proof of this common system allows Plaintiff to meet the commonality requirement for class certification due to the fact that it is the single source of the overflow.  However, Interrogatory Nos. 3, 4, 5, 6, 8, 10, 12, 16, 17, 21, 22, and 23 probe well beyond the common source of the defect and inquire into the merits of Plaintiff's claims.  The Ninth Circuit has cautioned that in deciding class certification:

<u>The court is bound to take the substantive allegations of the complaint as</u> <u>true</u>, thus necessarily making the class order speculative in the sense that

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

28

the plaintiff may be altogether unable to prove his allegations. While the court may not put the plaintiff to preliminary proof of his claim, it does require sufficient information to form a reasonable judgment. Lacking that, the court may request the parties to supplement the pleadings with sufficient material to <u>allow an informed judgment on each of the Rule's requirements</u>.

*Blackie,* 524 F.2d at 901 n.17 (emphasis added). Based on this authority, Plaintiff will rely on the allegations in the FAC in his class certification motion. Inquiry into the merits of Plaintiff's claims is limited to where it is necessary to decide if Rule 23 prerequisites are met. *Amgen,* 133 S. Ct. at 1194-95.

Electrolux contends that Interrogatory 4 concerns class certification requirements, specifically the commonality and/or predominance requirements. According to *Dukes*, "[w]hat matters to class certification ... is not the raising of common 'questions'—even in droves—but, rather the capacity of a classwide proceeding to generate common answers apt to drive the resolution of the litigation. Dissimilarities within the proposed class are what have the potential to impede the generation of common answers." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Interrogatory No. 4 states: "Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members 'contain an inadequate length and/or inadequate strain relief of the air hose where the air hose connects to the air dome,' as alleged in Paragraph 2 of the COMPLAINT." This interrogatory, in effect, seeks evidence of why the Washing Machines are defectively designed. The answer to this question will not prove that individualized inquiries predominate over common issues. Plaintiff's answer to this question will be the answer applicable to every other Washing Machine. If Plaintiff is not able to show that the water level pressure system is defectively designed by either showing that the air hose is of inadequate length, or that the design incorporates

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

inadequate strain relief (i.e. failure to include a clamp), or because of some other design defect, this will end his case.  If each Washing Machine contains the same water level pressure system design, then the entire class rises or falls with the answer to the question.  Because Interrogatory No. 4 impermissibly seeks information that is unnecessary to a determination of class certification requirements, this Court should deny Electrolux's motion to compel.

Interrogatory No. 5 states: "Set forth in detail the factual basis for YOUR contention that none of the WASHING MACHINES purchased by putative class can 'withstand normal and expected consumer uses and scenarios without resulting in catastrophic water-loss failures,' as alleged in Paragraph 2 or the COMPLAINT." First of all, the interrogatory misstates the allegations of Paragraph 2 of the FAC, which actually states: "The appliance design should have been implemented such that it can withstand normal and expected consumer uses and scenarios without resulting in catastrophic water-loss failures."  Schmidt Decl. at 5 (Ex. 1 ¶ 2).  Again, an answer to this question will not provide proof of individualized inquiries.  If, once the Court allows for merits discovery, Plaintiff is able to prove that the design contains risks of overflow during normal and expected consumer uses, he can establish Electrolux's defective design not only as to his machine, but as to the entire class.  The entire class who owned machines with the same water level pressure system will rise or fall with the answer this question.

Interrogatory No. 6 states: "Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members will 'overflow' and cause 'catastrophic injury and enormous property damage,' as alleged in Paragraph 3 or [sic] the COMPLAINT."  Again, Electrolux misstated the allegations of the FAC, which actually state:

> The Washing Machines had the potential to overflow and indeed did overflow in certain instances due to the Design Defect. Moreover, when the Washing Machines did indeed overflow, they caused property

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

30

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

damage and personal injury. With the design defect left unrepaired, the Washing Machines have the potential at all times to overflow, which can lead to catastrophic injury and enormous property damage."

Schmidt Decl. at 5 (Ex. 1 ¶ 3). Moreover, providing the factual basis for this contention does not help the predominance inquiry, which must focus on common questions that can be proved through evidence common to the class. *See Amgen,* 133 S. Ct. at 1195-96. Because the class owns washing machines with the same water level pressure system, proof that the risk of overflow is caused by the alleged design defect in the water level pressure system is common to the entire class. The factual basis to support this contention is beyond class certification discovery.

Interrogatory No. 8 states: "Set forth in detail the factual basis for YOUR contention that all of the WASHING MACHINES purchased by putative class members will 'fail years before their useful expected life due to the Design Defect,' as alleged in Paragraph 6 of the COMPLAINT." Plaintiff's claims center around the undisclosed risk of overflow. Plaintiff does not even have to prove that all machines will actually fail in order to prevail on the merits of his claim. However, proof that some machines that contain the same water level pressure system fail due to the design defect will support Plaintiff's claims that the Washing Machines are defectively designed. The information this interrogatory seeks is not relevant to a determination of class certification issues.

Interrogatory No. 10 states: "Set forth in detail the factual basis for YOUR contention that 'the harm caused by the Design Defect occurs during the normal and intended use of' each and every one of the WASHING MACHINES purchased by putative class members, as alleged in Paragraph 7 of the COMPLAINT." Paragraph 7 actually states: "The damages each and every member of the Class, defined below, has sustained is easily quantifiable - it is the cost of repair to eliminate the Design Defect and thereby eliminate the hazard and potential risk of harm each Washing Machine creates each and every time the Washing Machine is operated." Schmidt Decl. Ex. 1 ¶

31

7.  In other words, the damage caused by the Design Defect can be quantified as the cost of repair.  Plaintiff and the Class were harmed at the moment they purchased the machines without knowledge of the risk of overflow.  If Plaintiff is able to prove that Electrolux failed to warn consumers of the Washing Machines' risk of overflow, the harm is proven classwide.  However, the interrogatory as phrased does not reflect Plaintiff's contentions.

Interrogatory No. 12 states: "Set forth in detail the factual basis for YOUR contention that 'the lower connection from the air hose to the air dome' in each and every one of the WASHING MACHINES 'failed to allow for sufficient strain relief and/or air hose length because it failed to include a service loop and/or hose clip/clamp in sufficient proximity to the air dome,' as alleged in Paragraph 17 of the COMPLAINT."  This interrogatory is substantially similar to Interrogatory No. 4.  Plaintiff incorporates as though fully set forth herein his response to Interrogatory No. 4, above.

Interrogatory No. 16 states: "Set forth in detail the factual basis for YOUR contention that each and every putative class member's use of a WASHING MACHINE can 'result in enormous property damage caused by flooding, and the consequences of standing water, which indeed can affect all aspects of completed construction, from electrical work to the structural integrity of any given home or condominium,' as alleged in Paragraph 23 of the COMPLAINT".  The information requested does not touch on the common design of the Washing Machines, but the potential damage that can occur if a Washing Machine overflows.  This information is relevant to Electrolux's failure to warn consumers of a safety risk.  Since the failure to warn constitutes conduct on the part of Electrolux, the answer to this question is common to the entire class.  The substance of the answer is not determinative of class certification requirements.

Interrogatory No. 17 states: "Set forth in detail the factual basis for YOUR contention that each and every putative class member's use of a WASHING

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

JOINT STIPULATION RE DEFENDANT'S
MOTION TO COMPEL RESPONSES TO INTERROGATORIES

1    MACHINE can 'result in catastrophic personal injury, including significant

2    orthopedic injuries and head injuries, caused by falls,' as alleged in Paragraph 23 of

3    the COMPLAINT."  Again, this interrogatory touches upon why the Washing

4    Machines are defective and whether the design defect constitutes a safety risk.

5    Electrolux has failed to show why this interrogatory relates to class certification

6    requisites.

7         Interrogatory No. 21 states:  "Set forth in detail the factual basis for YOUR

8    contention that each and every putative class member 'purchas[ed] only half the

9    typical life of a Washing Machine,' as alleged in Paragraph 58 of the COMPLAINT."

10   This interrogatory seeks information that has no relevance to the commonality

11   requirement.  Plaintiff is not seeking the equivalent of "half the typical life of a

12   Washing Machine" in damages.  Plaintiff is seeking the cost of repair to eliminate the

13   design defect.

14        Interrogatory No. 22 states:  "Set forth in detail the factual basis for YOUR

15   contention that each and every one of the WASHING MACHINES 'is not

16   merchantable due to its Design Defect," as alleged in Paragraph 66 of the

17   COMPLAINT."  Clearly, this interrogatory requires Plaintiff to offer proof of his

18   claim for breach of implied warranty.

19        Interrogatory No. 23 states: "Set forth in detail the factual basis for YOUR

20   contention that each and every one of the WASHING MACHINES 'was not

21   reasonably safe for its intended use when it left Electrolux's control and entered the

22   market,' as alleged in Paragraph 67 of the COMPLAINT."  This question seeks

23   evidence of Electrolux's knowledge of the alleged design defect.  Since this question

24   is focused on Electrolux's conduct and knowledge, the answer to the question will be

25   the same for the entire class.  Until the Court opens merits discovery, Electrolux is

26   precluded from obtaining this information from Plaintiff.

27        Interrogatory No. 3 states:  "Set forth in detail the factual basis for YOUR

28   contention that all of the WASHING MACHINES purchased by putative class

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

33

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

members 'have a common defect that causes [them] to overflow and flood due to the disconnection of an air hose that occurs under normal and reasonably expected appliance use during the typical lifetime of the appliance,' as alleged in Paragraph 2 of the COMPLAINT."  Like Interrogatory No. 2, the answer to Interrogatory No. 3 is that, by definition, the Washing Machines contain the same water level pressure design.  However, in good faith, Plaintiff described the evidence that supports that contention.  As to the remainder of the information sought, specifically, as to why the design defect causes Washing Machines to overflow, this interrogatory is substantially similar to Interrogatory No. 4, above.  Plaintiff hereby incorporates his response to Interrogatory 4 as though fully set forth herein.

**Plaintiff's Proposed Resolution at Conference of Counsel**

Plaintiff proposed that either Electrolux withdraw these interrogatories until such time as the Court allows for merits discovery, or that Plaintiff respond to these interrogatories by reciting the relevant allegations of the FAC that Plaintiff intends to rely on in support of his motion for class certification.

**C.**     **Responses Stated On Information And Belief (Interrogatory Nos. 2, 3, 9, 11 & 19)**

**1.**     **Electrolux's Contentions**

Plaintiff's responses to Interrogatory Nos. 2, 3, 9, 11 and 19 are made on information and belief, which is improper.  *See*, *e.g.*, Kim Decl., Exh. B (Rog Responses); *U.S. ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 646, 650 (C.D. Cal. 2007) (["A]n individual party is treated differently than a party that is a business entity; the former must answer interrogatories based on personal knowledge, whereas the latter may answer interrogatories based on available information.").  Plaintiff has an obligation to amend his responses so that they are no longer stated on information and belief, but on personal knowledge.

**Electrolux's Proposed Resolution**

Plaintiff should be compelled to amend his responses so that they are based on his own personal knowledge and not made on information and belief.

### 2.    Plaintiff's Contentions

#### a.    Plaintiff Requires Discovery In Order To Amend His Response To Interrogatory Nos. 2, 3, 9, and 11; Interrogatory 19 Impermissibly Seeks Information Unrelated To Class Certification Requirements.

Plaintiff does not recall discussing this issue at the conference of counsel; however, Plaintiff would have proposed that he has already agreed to amend his responses to Interrogatory Nos. 2 and 11, but requires receipt of answers to his discovery requests and the depositions of Carl D. King and Electrolux's 30(b)(6) designees before amending.  Plaintiff is also willing to amend his response to Interrogatory No. 9 along those same lines.  Plaintiff requests that this court order that his amended answer be delayed until after certain discovery has been completed. *See* Cal. Prac. Guide: Fed. Civ. Proc. § 11:1677.  As to Interrogatory No. 3, Plaintiff is willing to amend his response as to his basis for contending that the WASHING MACHINES contain a common water lever pressure system, but, as discussed above, the remainder of the interrogatory seeks premature and impermissible disclosure of issues unrelated to class certification.  As to Interrogatory No. 19, the request is unrelated to a determination of class certification issues and instead requests a calculation of damages.  Electrolux should withdraw this request until the Court allows for merits discovery.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1

**Plaintiff's Proposed Resolution at Conference of Counsel**

2

Plaintiff requests that the Court defer amended responses to Interrogatories 2, 3,

3 9, and 11 until completion of the document production by Electrolux, along with the

4 depositions of Carl D. King and the 30(b)(6) designees.  Plaintiff requests that the

5 Court deny Electrolux's motion as to Interrogatories 19 (and 3 to the extent it seeks

6 information unrelated to class certification requirements).

7

Dated:  January 16, 2014

8

**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi
Jason J. Kim

9

10

By: ___/s/ Phillip J. Eskenazi_____

11
Phillip J. Eskenazi
Attorneys for Defendant

12
ELECTROLUX
HOME PRODUCTS, INC.

13

14

Dated: January 16, 2014

RINGLER & ASSOCIATES

15
in association with

16
LAW OFFICES OF MICHAEL S. RAPKIN

By:  /s/ Catherine Burke Schmidt_____

17
Jerome L. Ringler

18
Catherine Burke Schmidt
Attorneys for Plaintiff Sparks Landen

19

20

21

22

23

24

25

26

27

28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

36

61550.000020 EMF_US 48998131v2