Jerome L. Ringler (State Bar No. 59918)
E-mail: jlr@ringlerschmidt.com
Catherine Burke Schmidt (State Bar No. 212827)
E-mail: cbs@ringlerschmidt.com
RINGLER SCHMIDT
A LAW CORPORATION
233 Wilshire Blvd., Suite 900
Santa Monica, CA 90401
Tel: 310-955-4105/Fax: 310-955-4106

Michael S. Rapkin (State Bar No. 67220)
E-mail: msrapkin@gmail.com
Scott B. Rapkin (State Bar No. 261867)
E-mail: scottrapkin@rapkinesq.com
LAW OFFICES OF MICHAEL S. RAPKIN
233 Wilshire Boulevard, Suite 700
Santa Monica, CA 90401
Tel: 310-319-5465/ Fax: 310-319-5355

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

SPARKS LANDEN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

ELECTROLUX HOME PRODUCTS, INC., a Delaware Corporation; CARLSONS APPLIANCES, INC. a California Corporation; and DOES 1 through 20, inclusive,

Defendant

Case No.: CV13-01033-DSF (SHx)

**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF JASON J. KIM AND EXHIBITS THERETO**

Hearing:
Date: June 30, 2014
Time: 1:30 p.m.
Ctrm: 840

Trial Date: None Set
Scheduling Conf.: To Be Set Upon Ruling
Complaint Filed January 8, 2013

Plaintiff Sparks Landen ("Plaintiff") submits the following Evidentiary Objections to the Declaration of Jason J. Kim In Opposition To Plaintiff Sparks Landen's Motion For Class Certification ("Kim Declaration") and exhibits thereto submitted by defendant Electrolux Home Products, Inc. ("Electrolux").

## I. IT IS IMPROPER TO CONSIDER CONFLICTING EXHIBIT C TO THE KIM DECLARATION.

It is well established that answers given by the person designated by the corporation under Federal Rule of Civil Procedure 30(b)(6) are admissions by the corporation. *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D.N.C. 1996); *Rainey v. American Forest & Paper Ass'n, Inc.* ("*Rainey*") 26 F. Supp. 2d 82, 95 (D DC 1998). In *Rainey*, an employer attempted to offer an affidavit from one of its employees to create a triable issue of fact as to whether the plaintiff's duties were exempt where the 30(b)(6) designees were unknowledgeable. *Rainey*, 26 F. Supp. 2d at 93-94. The court ruled it is improper to consider the affidavit because it conflicted with 30(b)(6) testimony. *See id*. at 96. The court reasoned that the purpose of the rule is to "prevent a corporate defendant from thwarting inquiries during discovery, then staging an ambush during a later phase of the case." *Id*. at 95. "Unless [the corporation] can prove that the information was not known or was inaccessible, a corporation cannot later proffer new or different allegations that could have been made at the time of the 30(b)(6) deposition." *Id.* at 94.

In this case, Electrolux effectuated a similar ambush. It attempts to substitute its lack of knowledge as to differences in the common design with Exhibit C to the Kim Declaration, the unsworn report of Prof. Jahan Rasty, Ph.D., PE, MBA. The following summarizes the conflicts:

| 30(b)(6) Testimony | Conflicting Evidence |
|---|---|
| There are no known changes from 2005 to the present to the pressure switch that affected its connection to the air hose in any Washer. *See* Schmidt Decl. Ex. 5, 89:9-90:4, 97:12-98:3, 98:18-20, 101:22-104:25; Supplemental Declaration of Catherine Burke Schmidt In Support of Motion for Class Certification ("Schmidt Suppl. Decl.") Ex. 11, 76:4-10. | "Some Electrolux machines currently in use employ pressure switches with plastic housing, while others employ a metallic housing." Kim Decl. Ex. C at 12 ¶ 1st.<br><br>"Because various models may employ either metallic or plastic nipples, there are obvious variations in friction characteristics..." Kim Decl. Ex. C at 12-13 ¶ last. |
| There are no known differences between the connections of the air hose to the electronic transducer as compared to the pressure switch. *See* Schmidt Suppl. Decl. Ex. 11, 117:23-118:19. | "[V]ariations in water level between machines employing a pressure switch and machines employing a transducer is relevant to plaintiff's allegation of a common design defect." Kim Decl. Ex. C at 13 ¶ 3. |
| There is only one time relevant change to the air dome. There are no known reasons, no known natural consequences, and no known mechanical consequences of the change and its affect on the connection to the air hose. *See* Schmidt Suppl. Decl. Ex. 11, 86:17-25; *see also* Schmidt Decl. Ex. 5, 77:17-79:6, 98:22-100:18) | While there are 6 different revisions for the air dome, the most notable revision is the addition of a mold draft to the nipple in revision "F" as depicted in Electrolux CAD diagram 145055 (ELUX 01003, 01004). This appears to have been a design change to aid in the injection molding production of the part. Kim Decl. Ex. C at 13 ¶ 4. |

Because the report of Prof. Rasty conflicts with 30(b)(6) testimony, it is improper for this Court to consider it in opposition to Plaintiff's Motion.

## II. OTHER EVIDENTIARY OBJECTIONS RENDER THE KIM DECLARATION INADMISSIBLE.

In addition Plaintiff objects to the Kim Declaration on the following bases:

| Material | Basis for Objection |
|---|---|
| 1. Par. 3, 1:10-13 ("On January 22, 2014, during the course of discovery, Electrolux produced what I understand to have been true and complete copies of all claim files located in Electrolux's STARS database going back to 2005 that related generally to Electrolux washing machines that have overflowed.") | 1. Fed. R. Evid. 602, 701 - Lack of Personal Knowledge; Lack of Foundation; Speculation.<br>2. Fed. R. Evid. 401, 402 - Irrelevant to Plaintiff's Motion for Class Certification. |
| 2. Par. 4, 1:14-17 ("On March 19, 2014, during the course of discovery, Electrolux produced what I understand to have been true and complete copies of all complaints filed against Electrolux going back to 2005 that related generally to Electrolux washing machines that have overflowed.") | 1. Fed. R. Evid. 602, 701 - Lack of Personal Knowledge; Lack of Foundation; Speculation.<br>2. Fed. R. Evid. 401, 402 - Irrelevant to Plaintiff's Motion for Class Certification. |
| 3. Exhibit C to Kim Decl. (Report of Dr. Jahan Rasty) | 1. Fed. R. Evid. 803 - Hearsay.<br>2. Fed. R. Evid. 603 - Lack of Oath or Affirmation.<br>3. Fed. R. Evid. 901 - Lack of Authenticity.<br>4. Fed. R. Evid. 602 - Lack of Foundation. |
| 4. Exhibit E to Kim Decl. (Report of Dr. Christine Wood) | 1. Fed. R. Evid. 803 - Hearsay.<br>2. Fed. R. Evid. 603 - Lack of Oath or Affirmation.<br>3. Fed. R. Evid. 901 - Lack of Authenticity.<br>4. Fed. R. Evid. 602 - Lack of Foundation. |

/ / /

Respectfully submitted,

Dated: June 13, 2014

RINGLER SCHMIDT
A LAW CORPORATION
in association with
LAW OFFICES OF MICHAEL S. RAPKIN

By: ______________________________
Jerome L. Ringler
Catherine Burke Schmidt
Attorneys for Plaintiff Sparks Landen