**HUNTON & WILLIAMS LLP**
Phillip J. Eskenazi (SBN 158976)
peskenazi@hunton.com
Neil K. Gilman (admitted *pro hac vice*)
ngilman@hunton.com
Jason J. Kim (SBN 221476)
kimj@hunton.com
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Defendant
ELECTROLUX
HOME PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| SPARKS LANDEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS, INC., a Delaware Corporation; CARLSONS APPLIANCES, INC., a California Corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO.: CV13-01033-DSF (SHX)<br><br>**RESPONSE OF ELECTROLUX HOME PRODUCTS, INC. TO PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF MATTHEW CRIBB**<br><br>Date: June 30, 2014<br>Time: 1:30 p.m.<br>Crtm.: 840<br><br>Complaint filed: January 8, 2013 |

## RESPONSE TO PLAINTIFF'S OBJECTIONS

**A.      Mr. Cribb's Declaration Does Not Violate Rule 26(a)**

Plaintiff asks this Court to "strike the Cribb Declaration" in its entirety because Electrolux "ambushed" Plaintiff and did not disclose Mr. Cribb in its initial disclosures or produce him as a FRCP 30(b) witness.  Objections, at 2.  Plaintiff is wrong on the facts and the law.

Plaintiff accuses Electrolux of "ambushing" him by submitting a declaration from Mr. Cribb instead of Stephen Brown, its 30(b)(6) deponent.  Objections, at 3:18-24.  But the simple fact is that Mr. Brown departed Electrolux shortly before it filed its opposition papers.  So Electrolux found another competent employee to serve as the declarant.  This was entirely proper.  *See, e.g., Johnson v. Big Lots Stores, Inc.*, 2008 WL 6928161, at *5 (E.D. La. May 2, 2008) (denying motion to exclude similar evidence at trial and holding that plaintiff has "not cited any on-point authority that [defendant] is barred from introducing as a witness at trial an employee whom it did not designate as a Rule 30(b)(6) designee.")

Moreover, Electrolux's alleged "failure to make supplemental disclosures under Rule 26(e)(1) between the time the class certification motion was filed" and the time it filed its opposition does not mean Electrolux violated its duty to timely supplement its disclosures.  *Wilson v. Kiewit Pac. Co.*, 2010 WL 5059522, at *10 (N.D. Cal. Dec. 6, 2010).  Electrolux had little more than a month to "conduct an investigation, secure the declaration[] and oppose plaintiff's motion for class certification."  *Id.*  "Accordingly, even if Rule 26(a)(1) could be read to require a party to supplement its Initial Disclosures after identifying the declarants needed to oppose a motion for class certification, the failure to do so here was substantially justified."  *Id.* (citing Fed. R. Civ. Proc. 37(c)(1)).[1]

---

[1] *Wilson* specifically distinguished *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101 (9th Cir.2001), cited by Plaintiff in his objections, noting that *Yeti* did not "address a similar procedural posture or deal with disclosures of employee declarants a party intends to use on class certification."  *Wilson*, 2010 WL 5059522, at *10 n.12.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

1     Furthermore, Plaintiff has failed to make any showing of prejudice, as required by Rule 37 to exclude evidence. "[I]nstead of waiting to object to [Mr. Cribb's declaration] in h[is] Reply on Rule 26(a) grounds and asking that [it] be struck in [its] entirety, if plaintiff felt []he needed to depose [Mr. Cribb] to test [his] assertions, plaintiff should have attempted to work with [Electrolux] to move the briefing schedule for the Reply so that []he would have time to depose them (and if [Electrolux] wouldn't agree, sought leave of Court to do so)." *Wilson*, 2010 WL 5059522, at *10. But Plaintiff does not need or want Mr. Cribb's deposition, who merely testified to search results. His goal is to exclude harmful, relevant evidence.

    Indeed, Plaintiff cannot claim any prejudice. Plaintiff had all of the information Electrolux utilized in its class certification opposition to establish the number of claims made or filed against it. As set forth in the Declaration of Jason J. Kim, and as Plaintiffs does not deny, Plaintiff conducted extensive discovery on this issue, including interrogatories and document requests. Each and every one of the seven (7) claim files and twenty-five (25) complaints referenced in paragraph 3 of Mr. Cribb's declaration was produced to Plaintiff before he filed his class certification motion. As stated in paragraph 3 of the Declaration of Jason J. Kim, filed in opposition to Plaintiff's class certification motion, Electrolux produced all seven (7) of the claim files referenced in Mr. Cribb's declaration to Plaintiff back on January 22, 2014. And, as noted in paragraph 4 of the Declaration of Jason J. Kim, Electrolux produced all twenty-five (25) complaints referenced in Mr. Cribb's declaration back on March 19, 2014. Plaintiff did not seek a further deposition from Electrolux. Nor did he challenge the adequacy of Electrolux's production. Yet now, having appreciated the significance of this evidence (or more properly the lack thereof) Plaintiff suddenly claims that he was "ambushed," which is plainly not the case.

## B. Mr. Cribb's Declaration Is Consistent With Mr. Brown's Deposition Testimony

Plaintiff also asks this Court to strike Mr. Cribb's declaration on the ground that Mr. Cribb's testimony is purportedly inconsistent with Electrolux's 30(b)(6) deponent, Stephen Brown. More specifically, Plaintiff contends that Mr. Cribb's declaration conflicts with Mr. Brown's testimony because: "(1) he could not even estimate the number of incidents or complaints of washing machines overflowing; and (2) he does not even believe that the capacity to search for washing machines overflows even exists at Electrolux." Objections, at 3:26-4:1. But once again, Plaintiff is wrong.

As to the former, Plaintiff's 30(b)(6) deposition notice never called upon Electrolux to produce a witness to quantify "the number of incidents or complaints of washing machines overflowing." Objections, at 3:26-4:1. Plaintiff instead noticed the deposition as to "YOUR policies and procedures for handling complaints from consumers that would encompass complaints that RELATE TO any WASHING MACHINE." Schmidt Decl., Exh. 1 (30(b)(6) Depo Notice), at 6:5-7. And Mr. Brown testified at length on that topic and Plaintiff did not seek further testimony from Electrolux.

Moreover, Plaintiff's citations to Mr. Brown's testimony are misleading. Objections, at 4:2-4, 8. In those cited portions, Plaintiff's counsel asked Mr. Brown how many claim files and items existed on the CS STARS and call center databases overall, *irrespective of whether the files or items even related to the Washing Machines at issue, much less whether they related to overflows of the Washing Machines*.[2] *See, e.g.,* Supp. Schmidt Decl., Exh. 13 (Brown Depo), at 25:17-21 (A.

---

[2] Plaintiff suggests that numerous other claims might exist outside of the claim files in CS STARS database and the complaints Electrolux produced to him -- in particular, in Electrolux's call center database. But, as Mr. Brown explained during his deposition, the CS STARS database will contain all complaints originating from the call center where it is alleged that "one of [Electrolux]'s products has caused resulting damage, property damage and/or injury." Supp. Schmidt Decl., Exh. 13 (Brown Depo), at 32:9-25. In other words, it contains the types of claims that Plaintiff alleges are "substantially certain" to occur here.

3
RESPONSE OF ELECTROLUX HOME PRODUCTS, INC. TO PLAINTIFF'S
EVIDENTIARY OBJECTIONS TO DECLARATION OF MATTHEW CRIBB

Can you define file? Q. *Well, the file that would consist of the program in its entirety*. A. I'm not certain how many the total number of claims in the system, no."). Thus, Plaintiff's counsel did not even ask Mr. Brown to "estimate the number of incidents or complaints of washing machines overflowing." As to lawsuits filed, Mr. Brown testified that Electrolux maintains a Case Track system "that reflects lawsuits filed against Electrolux as a result of the overflow of washing machines manufactured by Electrolux." Supp. Schmidt Decl., Exh. 13 (Brown Depo), at 44:2-45:1. Shortly after Mr. Brown's deposition, Electrolux produced to Plaintiff all of the complaints it had in its Case Track system that related generally to overflows of Washing Machines. Cribb Decl. ¶ 3; Kim Decl. ¶ 4. Plaintiff cannot complain.

As to Plaintiff's claim that Mr. Brown testified that he "does not even believe that the capacity to search for washing machines overflows even exists at Electrolux," the record is to the contrary. Objections, at 3:27-4:1. Plaintiff's counsel asked Mr. Brown whether Electrolux's databases allowed for a specific search query based on the "narrow" issue of "overflows." Supp. Schmidt Decl., Exh. 13 (Brown Depo), at 48:14-24. And Mr. Brown responded to that specific question, noting that a proper search query in Electrolux's systems would use the term "water loss," not "overflow." *Id.* at 47:2-6 ("Q. How would one obtain those from Electrolux? A. Well, we don't drill down our query to washing machine overflow. *It would be a water loss is how it would be defined*, which could be any product or category."). In fact, Mr. Brown testified at length as to how searches are run on Electrolux's databases, including the CS STARS database, which, in turn, would house all customer claims which allege that an Electrolux product "has caused resulting damage, property damage and/or injury." Supp. Schmidt Decl., Exh. 13 (Brown Depo), at 29:3-9; 32:9-25. Consistent with Mr. Brown's testimony, Electrolux searched for and produced those files to Plaintiff before he filed his class certification motion. Cribb Decl. ¶ 3; Kim Decl. ¶ 3.

1    Even if Mr. Cribb's declaration somehow could be construed as conflicting
2    with Mr. Brown's testimony (which, as shown above, it is not), as numerous courts
3    have held, a 30(b)(6) deponent's "testimony is not a judicial admission that ultimately
4    decides an issue." *Industrial Hard Chrome, Ltd. v. Hetran, Inc.*, 92 F. Supp. 2d 786,
5    791 (N.D. Ill. 2000); *Icon Enterprises Int'l, Inc. v. Am. Products Co.*, 2004 WL
6    5644805, at *6-7 (C.D. Cal. Oct. 7, 2004) (same); *A.I. Credit Corp. v. Legion Ins. Co.*,
7    265 F.3d 630, 637 (7th Cir. 2001) (citing *Industrial Hard Chrome*, *supra*; *United
8    States v. Taylor*, 166 F.R.D. 356, 362 n. 6 (M.D.N.C. 1996) (testimony of Rule
9    30(b)(6) designee does not bind corporation in sense of judicial admission); *Media
10   Services Group, Inc. v. Lesso, Inc.*, 45 F. Supp. 2d 1237, 1254 (D. Kan. 1999) ("The
11   testimony of a Rule 30(b)(6) deponent is merely an evidentiary admission … [that]
12   may be controverted or explained by a party"); *Whitesell Corp. v. Whirlpool Corp.*,
13   2009 WL 3672751, at *1-2 (W.D. Mich. Oct. 30, 2009) (denying motion "to preclude
14   Plaintiff from 'introducing any evidence of its obsolescence or phase-out claims
15   beyond the evidence that [Plaintiff] had produced as of the date of the corporate
16   designee deposition' on July 13, 2009"). Thus, even in the event of a conflict (which,
17   as stated above, does not exist), nothing precludes Mr. Cribb's declaration.
18   Even the cases to which Plaintiff cites do not permit evidence preclusion under
19   the circumstances. Plaintiff cites *Rainey v. American Forest and Paper Ass'n, Inc.*, 26
20   F. Supp. 2d 82 (D.D.C.1998). But *Rainey* "involved a clear case of sandbagging, and
21   is distinguishable from the situation here." *Johnson v. Big Lots Stores, Inc.*, 2008 WL
22   6928161, at *5 (E.D. La. May 2, 2008). As shown above, Plaintiff had all of the
23   information that Mr. Cribb referenced in his declaration, which declaration was only
24   necessitated by the departure of the former 30(b) deponent, Mr. Brown. This is not a
25   case of "sandbagging." Plaintiff also cites *United States v. Taylor*, 166 F.R.D. 356,
26   362 (M.D.N.C. 1996). But that case dealt with the requirements for preparing a
27   30(b)(6) witness for a deposition and a corporation's ability to take a different position
28

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

at trial where it had not properly prepared for the deposition. But that is not the case here.[3]

In the end, as a matter of law and fact, there is no basis to strike Mr. Cribb's declaration on the grounds that it is inconsistent with 30(b)(6) testimony.

**C.    Evidence Concerning The Number Of Claims Made Or Filed -- Or The Lack Thereof -- Is Relevant**

Plaintiff contends that paragraph 3 of Mr. Cribb's declaration is irrelevant to his class certification motion. In particular, Plaintiff contends that the insignificant number of claims that actually have been made or filed against Electrolux concerning alleged overflows is not relevant. Ironically, Plaintiff conducted *extensive* discovery into Electrolux's claim files, as well as any lawsuits filed against Electrolux. And now that Plaintiff does not like the evidence unearthed by that discovery, he claims it is "irrelevant." Plaintiff would have the Court ignore the sheer absence of any classwide problem. But the law compels otherwise.

As this Court recently held in *Butler v. Mattel, Inc.*, 2014 WL 764514 (C.D. Cal. Feb. 24, 2014), evidence concerning the sparse number of claims is directly relevant. *Id.* at *2. Indeed, the Court considered this very sort of evidence in *Mattel*, when it concluded that "[t]here is ample evidence in the record that the vast majority of the proposed class did not experience mold growth on the Sleeper to a degree that they saw fit to complain to Defendants or to the Consumer Product Safety Commission (CPSC)." *Id.* at *1.

---

[3] *Taylor*, moreover, expressly held that a company could take a different position at trial than in a prior 30(b)(6) deposition in any event if based on information discovered later in good faith. 166 F.R.D. 356 at 363.

*(Hunton & Williams LLP, 550 South Hope Street, Suite 2000, Los Angeles, California 90071-2627)*

Of course, Plaintiff is not really arguing that the evidence is not "relevant" as that term is used in Rules 401-403.  Rather, he is simply reasserting his argument (and putting forth additional briefing to avoid the reply brief page limit) that the Court should certify the class in spite of this evidence.  That is not a reason to strike.

Dated:  June 20, 2014                             **HUNTON & WILLIAMS LLP**

                                                  By:   /s/ Phillip J. Eskenazi
                                                        Phillip J. Eskenazi
                                                        Attorneys for Defendant
                                                        ELECTROLUX
                                                        HOME PRODUCTS, INC.

Hunton & Williams LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

61550.000020 EMF_US 51309746v1

7
RESPONSE OF ELECTROLUX HOME PRODUCTS, INC. TO PLAINTIFF'S
EVIDENTIARY OBJECTIONS TO DECLARATION OF MATTHEW CRIBB