UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 13-1033 DSF (SHx) | Date | 7/1/14 |
| Title | Sparks Landen v. Electrolux Home Products, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion for Class Certification (Dkt. No. 55)

Plaintiff Sparks Landen has moved to certify a class of purchasers of Defendant's washers that contain an air hose and air dome. Plaintiff alleges that the air hose in Defendant's washers will come loose under normal operating conditions, causing the washer to overflow at the risk of substantial property damage or personal injury.

All of Plaintiff's evidentiary objections are overruled. Even assuming expert reports must be sworn, Defendant's experts now have provided sworn declarations. Plaintiff has suffered no prejudice from the use of Matthew Cribb to present certain records.[1] And even if conflict between an expert report and the testimony of the Rule 30(b)(6) witness could be grounds for exclusion of expert testimony, Dr. Jahan Rasty's testimony and the Rule 30(b)(6) testimony do not conflict for the reasons given by Defendant. Generally speaking, the Rule 30(b)(6) deponent was asked about changes in individual designs over time, while Rasty examined differences across the numerous designs.

Plaintiff's claims revolve around the allegation that Defendant's designs of its connections between air hoses/tubes and air domes are defective and that the defect is manifest in all of the washers included in the class definition. So it is essential to

---

[1] In any event, the Court has not relied on Cribb's testimony.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

Plaintiff's class certification argument that the alleged defectiveness of the washers is subject to common proof.

     Plaintiff tries to isolate the aspect of the washer designs that he claims is both common to all of the designs and defective. It is true that the washers at issue have an air hose that attaches to an air dome and pressure switch.[2] But this ignores Defendant's argument that the other aspects of the designs – which are not common – are what make those designs not defective. This should be distinguished from a situation where there is one common design and the plaintiff merely focuses on one part of it while the defendant draws attention to others in its defense. In that case, there would be a merits dispute common to the class. But here, Defendant illustrates that the washer designs have differences that are relevant to deciding whether the air hose will come loose. Plaintiff tries to ignore the various differences among the designs, but whether those differences prevent the air hose from coming loose is a factual inquiry. Plaintiff's argument essentially is to ask the Court to focus on the similarities and ignore the differences among the class. That defeats the entire purpose of the class certification process.

     Defendant's expert, Dr. Jahan Rasty, cogently outlines a number of differences among the washers included in the class that could affect whether any given washer design is defective. Plaintiff counters with a reply expert who asserts – with little to no support – that the alleged defect with the hose length and air dome connection subsumes any of those differences. But, first, there's no actual evidence, beyond the expert's flat statement, that the differences are immaterial to the inquiry. Rasty goes into some detail as to why many of the factors he outlines are relevant to whether the air hose would come detached under normal use and these arguments are largely not responded to. Second, given the conflicting evidence, Plaintiff would presumably have to prove at trial that the differences in each model were immaterial, which suggests that class treatment is inappropriate.[3] Third, it is Plaintiff's burden to show that common issues in the case predominate, not Defendant's to show that they do not. Plaintiff has produced little to no evidence that differences among the washer models are immaterial. It is not enough to

---

[2] In fact, some of the washers at issue have a transducer, not a pressure switch. There is testimony that a transducer-based system works differently from one based on a pressure switch. Given the outcome of the motion, the Court does not reach this issue.

[3] Clearly irrelevant differences among models – e.g., different colors – would not defeat class treatment. But here there is no reason to believe that Defendant would not seek to introduce evidence as to the various factors outlined by its expert for each washer design independently as a defense to defectiveness.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

point to common components among the models, in isolation, when there are good reasons to believe that use of those components could be appropriate in one circumstance and inappropriate in another.

Plaintiff's response to Defendant's expert's discussion of the force generation and absorption differences among the machines illustrates this point. Plaintiff says, "The varying forces do not create individualized issues, but rather support Plaintiff's claim that the design must incorporate adequate fixation of the air hose. In other words, if Electrolux were to utilize a design that properly affixed the air hose, its connection would be preserved regardless of differing forces." (Reply at 6.) This argument begs the question. What is "adequate" fixation of the air hose or "proper" affixing of the air hose? It depends on the forces acting on the air hose. And, as Rasty points out, those forces are different among the washers for various reasons.

And even if it is true that for all of the washers at issue the air hose would be less likely to detach if the hoses were longer, this does not satisfy Plaintiff's burden under his theory of the case. That Plaintiff is able to suggest a design feature that might eliminate the alleged risk of overflow on all of Defendant's models does nothing to establish that each machine has a defect in the first place – much less a common defect. Plaintiff not only has to show that the design(s) could be *better* in some way – he has to show that the washers are all *defective* because the hose is not long enough and does not attach adequately to the air dome. Given the differences in the washers outlined in Rasty's report, Plaintiff has not demonstrated that this can be done on a classwide basis.

As common questions do not predominate over individual ones, the motion for class certification is DENIED.

IT IS SO ORDERED.